GARRISON, Judge.
This is an appeal from a judgment of the district court in favor of the plaintiff, Phillip Driscoll, awarding damages in the amount of $7,249.00 for injuries sustained by him on September 21, 1977 due to a trip and fall on a city sidewalk. From that judgment, which we affirm, the defendant City of New Orleans appeals.
On appeal, the defendant raises a social utility argument by certain material attached to the back of its brief in appendix form. The material so presented, however, is not contained in the record below and is not properly before this court. Defendant argues that it attempted to make a social utility argument below and that the trial court erred in failing to admit the evidence. Our independent review of the record, however, indicates that appellant failed to move to proffer the evidence.
The social utility argument aside, the instant case is a fairly simple one. On September 21, 1977 Phillip J. Driscoll, an elderly self-employed hearing aid specialist tripped and fell on the sidewalk fronting 200 North Robertson. As a result of the fall, he suffered a fracture to the left elbow resulting in permanent impairment and causing the onset of degenerative arthritis.
Plaintiff tripped on an uneven sidewalk slab which had been in that condition since 1967 or for 10 years prior to the accident at issue. The trial judge provided four pages of written reasons for judgment, ultimately concluding that plaintiff had made out his case under both C.C. Art. 2317 strict liability and C.C. Art. 2315 negligence. He further noted “the City presented virtually no evidence of its own.” Appellant does not dispute quantum, only liability.
The standard of review by this court is whether the trial judge was manifestly erroneous in his factual determinations. In the instant appeal, it cannot be said that any manifest error exists.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
LOBRANO, J., concurs.