593 So.2d 954 (1992)
TAYCO CONSTRUCTION COMPANY, INC.
v.
LaCUISINE RESTAURANT, INC., Anthony Angelo and Joseph Saladino.
TAYCO CONSTRUCTION COMPANY, INC.
v.
LaCUISINE RESTAURANT, INC., Anthony Angelo and Joseph Saladino.
Nos. 91-CA-1392, 91-CA-1393.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1992.
John L.A. Lenfant, IV, Metairie, for appellants.
Julian A. Parker, II, Daniel E. Zelenka, II, Brook, Morial, Cassibry & Pizza, New Orleans, for appellee.
Before LOBRANO and ARMSTRONG, JJ., and TREVOR G. BRYAN, J. Pro Tem.
*955 LOBRANO, Judge.
This appeal arises from a judgment confirming an arbitration award in favor of Tayco Construction Company, Inc. and against LaCuisine Restaurant, Inc., Anthony Angelo and Joseph Saladino, jointly, severally and in solido in the amount of $39,880.53.

FACTS AND PROCEDURAL HISTORY:[1]
On June 25, 1989, LaCuisine Restaurant located at 225 W. Harrison Avenue in the city of New Orleans was heavily damaged by fire. Joseph Saladino, owner and general manager of LaCuisine and Anthony Angelo, owner of the building, hired Tayco, a general contractor specializing in the repair and remodeling of restaurants, to repair the damage. The written contract between the parties consisted of a standard form agreement of the American Institute of Architects. It was executed July 10, 1989. Pursuant to its terms and conditions Saladino and Angelo agreed to pay Tayco all labor and material costs plus ten percent (10%) for overhead and ten percent (10%) for profit.
Repair work on the restaurant continued through the latter part of August. It re-opened August 20, 1989. Tayco submitted its third and final statement on September 15, 1989. Saladino disagreed with the figures and apparently, after several meetings with Tayco, refused to pay it. On July 9, 1990, demand for arbitration was filed by Tayco with the American Arbitration Association. LaCuisine filed a general denial.
The arbitration hearing took place on July 27, 1990. On November 19, 1990 the arbitrator rendered judgment in favor of Tayco in the amount of thirty one thousand five hundred thirty one dollars and seventy-eight cents ($31,531.78). The judgment also awarded Tayco attorney fees. Both parties were ordered to share equally in the arbitration costs.
LaCuisine failed to pay the award, and on December 17, 1990 Tayco filed a petition in Civil District Court to have it confirmed. LaCuisine filed an exception of prematurity as well as an answer setting forth numerous affirmative defenses. The district court overruled the prematurity plea and confirmed the arbitration award.
LaCuisine perfects this appeal. It argues that the trial court violated fundamental due process by denying LaCuisine the opportunity to present witnesses and evidence which would have shown the following:
a) Impartiality on the part of the arbitrator;
b) The award should be modified because of a miscalculation of figures which show that Tayco expended less for costs than the arbitrator found;
c) The arbitrator exceeded his powers by awarding attorney fees.
Tayco disputes LaCuisine's assertion that it was denied due process. Tayco argues that LaCuisine merely failed to introduce any evidence or testimony to support its position. Specifically Tayco objects to the numerous exhibits attached to LaCuisine's brief which were never introduced into evidence.
It would be a relatively simple matter for this Court to resolve LaCuisine's assertion if there had been a transcript of the proceedings in the district court. However, the record does not contain either a transcript or a narrative of the facts. See, La.C.C.Pro. Art. 2131. In addition, LaCuisine did not proffer any of the complained of "excluded evidence". An attachment to an appellate brief, unless offered in evidence, will not be considered by this court. Driscoll v. City of New Orleans, 444 So.2d 756 (La.App. 4th Cir.1984). Where there are factual issues in dispute and the record on appeal contains neither a transcript of testimony nor a narrative of facts agreed to by the parties, there is nothing for appellate review. Succession of Walker, 288 So.2d 328 (La.1974); Hanley v. Hanley, 381 So.2d 963 (La.App. 4th Cir.1980), writ. den. 383 So.2d 783 (La. 1980). Furthermore, in such instances the judgment of the trial is presumed to be supported by competent evidence. Id.
*956 LaCuisine bears the burden of proving that the arbitration award should be vacated or modified on one or more of the grounds set forth in Louisiana Revised Statutes 9:4210 and 4211.[2] During oral argument before this Court LaCuisine asserted that it assumed the proceedings were being transcribed and was not aware that the court reporter did not record "rule day" matters. To the contrary Tayco argues that nothing prevented LaCuisine from presenting its evidence, or proffering same for review. A review of the record shows that the hearing was initially set for January 18, 1991 but was continued to February 22nd. The order setting the hearing date provided that LaCuisine show cause why the arbitration award should not be confirmed. Louisiana's arbitration law provides for summary disposition of arbitration proceedings. La.R.S. 9:4209. Accordingly, LaCuisine was aware of the nature of the proceedings and it was incumbent on them to protect and preserve a record for review. Under the circumstances of this case we affirm the arbitration award except for the award of attorney fees.
With respect to the attorney fees, we hold that the arbitrator exceeded his authority. La.R.S. 9:4210(D). Louisiana law is clear that attorney fees are not due and owing a successful litigant unless specifically authorized by statute or contract. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984); Killebrew v. Abbott Laboratories, 359 So.2d 1275 (La.1978); Nassau Realty Co. Inc. v. Brown, 332 So.2d 206 (La.1976).
The contract between the parties does not provide for attorney fees. We know of no statute, nor has Tayco cited any to support the award. Accordingly, we reverse that portion of the judgment.
For the foregoing reasons the judgment is affirmed in part and reversed in part.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] There is no transcript of the Arbitration proceedings, nor is there a transcript of the proceedings at the trial level. Our factual summary is taken from both briefs where they basically agree.
[2] La.R.S. 9:4210 provides:

"In any of the following cases the court in and for the parish wherein the award as made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."
La.R.S. 9:4211 provides:
"In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties."