LOBRANO, Judge.
Plaintiffs, George Holt, Jr. and Jacqueline Cooper, appeal the following judgments in their medical malpractice claims: (1) dismissal of Dr. Jayaraman Rao (Dr. Rao) on an Exception of Prematurity; and (2) dismissal of Dr. William Stallworth (Dr. Stallworth), Dr. Rao, and St. Paul Fire & Marine Insurance Company on an Exception of No Right of Action.
Drs. Rao and Stallworth have answered seeking damages for frivolous appeal. FACTS:[1]
In November 1986, Kevin Cooper (Cooper), a member of the Xavier University basketball team, suffered head and neck injuries in a vehicular accident in which he was thrown from a bus which was transporting the Xavier basketball team. Cooper was admitted to Hotel Dieu Hospital on December 10, 1986 for headaches and for stiffness in his neck and lower back. Cooper was examined and/or treated by defendants Dr. Stallworth, Dr. Robert Noveck (Dr. Noveck), and Dr. Rao. Cooper died at Hotel Dieu on December 12, 1986 of acute purulent meningitis.
In August 1987, plaintiffs filed a complaint with the Commissioner of Insurance,[2] pursuant to La.R.S. 40:1299.41 et seq., requesting a Private Medical Review Panel. On September 9, 1987, the doctors, named as defendants in plaintiffs’ Medical Review Panel request, filed a discovery suit, No. 87-16309, in the Civil District Court for the Parish of Orleans, pursuant to La.R.S. 40:1299.41 et seq. On October 4, 1989, plaintiffs filed a medical malpractice suit, No. 89-21672, in the Civil District Court for the Parish of Orleans against Dr. Stallworth, Dr. Rao, Dr. Noveck, Hotel Dieu, Xavier University and XYZ Insurance Company.
On November 29, 1989, Dr. Rao filed Exceptions of Prematurity and Lack of Subject Matter Jurisdiction in the malpractice suit, asserting that, as an employee of the State of Louisiana, he was entitled to a State Medical Review Panel as provided by La.R.S. 40:1299.39 and 40:1299.39.1, prior to the filing of suit. Dr. Rao’s exceptions were maintained, dismissing him from the suit without prejudice.
Dr. Stallworth and Dr. Rao filed separate Exceptions of Lack of Procedural Capacity *1084 and/or No Right of Action in the discovery action, on grounds that plaintiffs had failed to allege and establish that they were the parents of Cooper, and therefore lacked the procedural capacity or right to proceed in this wrongful death action.[3] After a hearing, the trial court maintained the exceptions and dismissed Dr. Stallworth, Dr. Rao, and St. Paul Fire & Marine Insurance Company without prejudice.
Plaintiffs have perfected this appeal from both judgments.

Exception of Prematurity/Lack of Subject Matter Jurisdiction

Plaintiffs argue that Dr. Rao was not acting within the scope of his employment with the state at the time he rendered services to Cooper, and was therefore not entitled to review by a State Medical Review Panel prior to institution of their suit.
Revised Statute 40:1299.39(A) defines those persons who qualify under the provisions of the “Malpractice Liability for State Services Act.” It provides, in part, that a “person covered” includes a physician, acting in a professional capacity in providing health care services by or on behalf of the state and acting within the course and scope of his employment without regard to where the services are performed and whether or not he is paid for those services.
A defendant doctor bears the burden of proving that he is entitled to a Medical Review Panel. Goins v. Texas State Optical, Inc., 463 So.2d 743 (La.App. 4th Cir.1985); Chivleatto v. Divinity, 379 So.2d 784 (La.App. 4th Cir.1979). In support of his claim of state employment, Dr. Rao relies on: (1) a form letter signed by the Louisiana Commissioner of Administration certifying that Dr. Rao was qualified under the provisions of La.R.S. 40:1299.39; and (2) a letter from the Louisiana State University Medical Center certifying that Dr. Rao was employed by the Medical Center at the time he rendered services to Cooper.
These two documents, both part of the record, are prima facie evidence that Dr. Rao was employed by the state at the time he rendered services to Cooper. Plaintiffs argue, however, that even if Dr. Rao was employed by the state, he failed to allege and prove that he was actually acting within the scope of his employment with the state when he rendered services to Cooper. However, once Dr. Rao submitted proof of his employment with the state, the plaintiffs then had the burden to prove otherwise. There is no transcript of the hearing, nor does the record contain any evidence which supports their argument. We find no error in the dismissal without prejudice by the trial court.

Exception of No Right of Action

The judgment dismissing Dr. Stall-worth, Dr. Rao and St. Paul Fire & Marine Insurance Company on an exception of no right of action bears the Docket number pertaining to the discovery suit. It states “that this matter is dismissed without prejudice.” Although the record is unclear, presumably the judgment dismisses plaintiffs’ request for a review panel. All parties, however, address their arguments to the dismissal of the malpractice suit.
Initially we note that Louisiana’s Medical Malpractice Act only provides for the dismissal of a Review Panel (filed prior to the malpractice suit), by way of an exception of prescription. La.R.S. 40:1299.47(B)(2)(a). We are unaware of a procedural device whereby the exception of no right of action can be interposed prior to the actual filing of a malpractice suit. However, this issue has not been raised by either party. Since all parties argue the merits of whether plaintiffs have the right to pursue their claim, via medical review panel or malpractice suit, we shall address that issue.
The record does not contain a transcript of the hearing, nor any narrative of facts. La.C.C.Pro. Art. 2131. Furthermore, there is no proffered evidence which we can consider. Plaintiffs refer to various exhibits attached to their appellate brief. Those exhibits, however, were not introduced in *1085 evidence. It is well established that exhibits attached to an appellate brief will not be considered by this Court unless they were offered (or proffered) in evidence. Dris-coll v. City of New Orleans, 444 So.2d 756 (La.App. 4th Cir.1984).[4]
Based on the record before us, and in particular the petition filed in the malpractice suit, we cannot say the trial judge erred. We have carefully reviewed that petition and there is absolutely no allegation establishing any relationship between plaintiffs and decedent. We are satisfied that plaintiffs have failed to establish their right to bring this action. See, La.C.C. Art. 2315.2(2).
Furthermore, on our own, we also find that the petition fails to state a cause of action. La.C.C.Pro. Art. 927. Assuming each allegation to be true, the failure of plaintiffs to assert their relationship with decedent would preclude their recovery.
We reject appellees request for frivolous appeal damages.
Accordingly, we affirm both judgments. On our own motion we also dismiss plaintiffs malpractice suit (CDC No. 21672) without prejudice, for failure to state a cause of action.
AFFIRMED.
TREVOR G. BRYAN, J. Pro Tern., concurs in part and dissents in part.

. The facts are taken from those alleged in the petition filed in these proceedings.

. This complaint does not appear in the record.

. La.C.C. Art. 2315.2(2) provides the surviving mother and father, or either of them, with the wrongful death action of their child where there are no surviving spouse or children.

. The exhibits are the subject to appellees’ motion to strike. For the reasons stated above they are not considered by this Court and are stricken from these proceedings.