604 So.2d 1051 (1992)
Josephine BOUTERIE
v.
Barbara A. CRANE, and the City of Kenner Police Department.
No. 92-CA-203.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 1992.
Rehearing Denied October 19, 1992.
*1052 Louis B. Merhige, New Orleans, for plaintiff/appellant.
James D. Maxwell, Dorothy A. Pendergast, Kenner, Frank L. Morris, Metairie, for defendant/appellee.
Donald A. Hammett, John V. Baus, Jr., David S. Daly, New Orleans, amicus curiae.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit filed on behalf of plaintiff/appellant, Josephine Bouterie, an alleged victim of physical and sexual abuse, against defendants/appellees, City of Kenner Police Department and Barbara A. Crane, a police officer. Bouterie alleged these acts were performed by Crane and occurred from Spring 1983 through June 5, 1985. She further alleges complaints of these occurrences were made to the police department by the victim's mother. Suit was filed December 19, 1986, four months after Bouterie's 18th birthday. Bouterie alleged "[f]rom August of 1985 and until [her] eighteenth birthday on the 19th day of August, 1986" she was in the legal custody of the State of Louisiana pursuant to an order of the Jefferson Parish Juvenile Court. Both defendants filed an exception of prescription which was maintained by the trial judge. Bouterie has appealed. We affirm.
Bouterie argues prescription was suspended while she was in legal custody of the state through the Department of Health and Human Resources (DHHR). She relies on this court's previous opinion in Kozlowski v. State, DHHR, 534 So.2d 1260 (La.1988), writ denied, 538 So.2d 592 (La.1989).
An amicus curiae brief was filed in this matter on behalf of plaintiff's former attorneys and their insurer. Defendants objected to their presentation of additional arguments and evidence presented for the first time in this court. We agree with the court in United States, etc. v. Victory Land Co., 410 So.2d 359, 361 (La. App. 4th Cir.), writ denied 412 So.2d 1113 (La.1982), as follows:
The law is well settled that issues not raised by the litigants cannot be raised by amicus curiae on appeal ... We now hold that the brief of an amicus curiae cannot be used as a vehicle to present additional evidence or new evidence to the appellate court ... We are duty bound to decide the issues based on the record before us. [Citations omitted].
Furthermore,
Pursuant to La.C.C.P. art. 2164, an "appellant court, shall render any judgment which is just, legal, and proper upon the record on appeal." [Emphasis added.] An appellate court may not consider evidence which is outside that record ... The briefs of the parties herein assert certain facts not contained in the petition. The briefs of the parties are not part of the record, and this court has no authority to consider on appeal facts referred to in brief (or attachments thereto) which are not in the pleadings (or the evidence when such is presented). [Citations omitted].
Capital Drilling Co. v. Graves, 496 So.2d 487, 489 (La.App. 1st Cir.1986).
In view of the above holdings we have only considered the record.
In brief and during oral argument plaintiff's counsel stated DHHR did not have the authority to institute a civil action. The amicus curiae brief also referred to a "voluminous" policy manual. Although a portion of DHHR's policy manual was introduced below there is nothing contained therein stating DHHR has a policy against instituting a civil action.
The amicus curiae brief refers to a deposition by Bouterie for support of its argument raised for the first time on appeal that Bouterie did not immediately reveal Crane's alleged acts for fear of threats. *1053 That deposition is not in the record; nor was it introduced at the hearing. The amicus curiae brief also attached an affidavit from "Sherry Waters" of DHHR which was also never introduced below. Additionally, that brief presents the argument prescription should be suspended during alleged criminal proceedings against Crane and interrupted by an alleged guilty plea. No basis for this argument was introduced into the record nor was this argument raised below.
At the hearing on prescription counsel agreed to submit the matter on memoranda. Both memoranda are contained in the record. Plaintiff's counsel stated the father had not been around for 15 years and the mother originally had legal custody until plaintiff was placed in the custody of the state through DHHR until August, 1986. Plaintiff argued below Kozlowski applied since there was no one with the proper legal capacity to sue. Plaintiff filed suit four months after she was released from the custody of DHHR. The defendants argue Kozlowski is distinguishable since the Kozlowski court did not maintain the exception of prescription as to the sheriff but only as to DHHR, the entity sued by the Kozlowski plaintiff.
Defendants further argue the state, which had legal custody, could have filed suit. Additionally, defendants state the mother still retained physical custody and thus had a residual right to sue in accordance with La.R.S. 13:1569(12) [repealed by Acts 1991, No. 235, Section 17, effective January 1, 1992]. That former section allowed a guardian "to represent the minor in legal actions." Id. The record further indicates plaintiff stayed with an aunt during some of the period in which DHHR had legal custody although the record is unclear as to whether the aunt had physical custody since that alleged adjudication of physical custody is not in the record. Furthermore, in Kozlowski we considered statutory definitions of "legal custody" and "residual parental rights" and found nothing in those definitions to support the argument presented by DHHR in that case that the father still had the capacity to sue when legal custody was placed in DHHR. Id. at 1264-65. We held at 1265:
In view of the legally defined status of the defendant DHHR as the "parent" of the minor when the minor is adjudicated to its legal and physical custody. LSA-C.J.P. art. 13(11), and in view of the particular facts of this case, we feel it is reasonable here, that the defendant DHHR had, at least, a like responsibility to have instituted the minor's action for tortious injury.
In Kozlowski we held prescription was suspended while the minor was in legal custody of DHHR where DHHR was the party to be sued. In that case the minor depended for protection of a right to sue on the very entity which had allegedly been negligent in allowing the severe injuries. Thus, we found the doctrine of contra non valentem applied.
We also note that our opinion in Kozlowski was additionally based on our retroactive application of the 1988 amendment to La.Civ.Code art. 3469 which provided statutory suspension of prescription between a caretaker and a minor.
In the instant case defendants argue Kozlowski is factually distinguishable since DHHR is not the entity sued. Instead, plaintiff herein is suing the City of Kenner Police Department and a police officer. They cite Kozlowski for the proposition that a suit against a non-custodial third party is not suspended since suit against the sheriff was held to be prescribed in Kozlowski. We follow our previous holding in Kozlowski wherein we held that suit against the sheriff, a non-custodial third party, was not suspended while the minor was in the custody of DHHR.
For the reasons stated, the judgment maintaining the exception of prescription and dismissing Bouterie's suit against Barbara A. Crane and the City of Kenner Police Department is affirmed at appellant's cost.
AFFIRMED.