I iBOWES, Judge,
dissents for the following reasons:
I disagree with the views expressed in the majority opinion. In my view, this matter *969 should be remanded for an evidentiary hearing.
The record in this case reflects that this matter comes to us by virtue of a granting by the district court of an application for post-conviction relief which granted defendant an out-of-time appeal. However, the record does not disclose all of the evidence necessary to address appellant’s complaint.
The defendant’s plea may have been involuntarily entered if his allegations are true; however, there is an unresolved factual issue as to whether or not the district attorney could have filed a multiple bill. The issue of a possible multiple bill was discussed during the sentencing hearing and the district attorney alleged at that time that the five year cleansing period had not passed since the expiration of appellant’s prior sentence. Unfortunately, the record contains only oral assertions by the district attorney simply stating that the defendant’s prior sentence expired on October 27, 1987 (without giving or furnishing the source or proof of the correctness of this assertion), and therefore the state contends that the five year cleansing period ended on October 27, 1992.
Since the present crime was committed on October 1, 1992, appellant would be within the cleansing period and could be charged with a multiple bill if the district attorney is correct in this assertion.
In contrast, the defendant claims in his application for post-conviction relief that his sentence expired on September 30, 1987, and that the cleansing period expired on September 30, 1992. It may be true, as contended by the majority opinion, that the ^record reflects that defense counsel “knew and understood” that defendant was subject to multiple billing because he and the district attorney went up to the bench and looked at the criminal record of London, but there is no statement in the record by defense counsel, or anyone, as to what that document revealed. However, this is the very gravamen of defendant’s complaint: that his counsel allowed him to plead guilty in exchange for the state’s promise not to file a multiple bill in a situation where no multiple bill could have been filed even had defendant gone to trial and been convicted. If the appellant is correct, and he was not eligible to have a multiple bill filed against him, then defense counsel’s action in allowing defendant to plead guilty in exchange for the state’s agreement not to file a multiple bill may, indeed, and probably does, amount to ineffective assistance of counsel since one could not have been filed anyway.
Thus, from my appreciation of the facts, there is present in this ease a serious factual issue which must be addressed at some point in the proceedings. We note that defendant attempted to raise this claim in his application for post-conviction relief to the trial court. But, because the trial court granted defendant the relief of an out-of-time appeal instead of hearing the issue raised by the application, defendant was not provided with an opportunity to present in the district court' evidence in support of his assertions and to show ineffective assistance of counsel as mandated by the two-pronged test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, the defendant could not introduce the evidence in this Court, for the first time, as this Court is precluded from considering evidence attached to the appellate brief, but not introduced at the trial court level. Bouterie v. Crane, 604 So.2d 1051 (La.App. 5 Cir.1992); State v. Aubrey, 609 So.2d 1183 (La.App. 3 Cir.1992).
Accordingly, in the interest of justice and judicial economy, I would not require this defendant to file a second application for post-conviction relief urging ineffective ^assistance of counsel and, instead, would remand this ease to the trial court for a full evidentiary hearing on this issue. See State v. Lobato, 603 So.2d 739 (La.1992).
Therefore, I respectfully DISSENT.