688 So.2d 642 (1997)
Sharon Lewis MARTINI, et vir, Plaintiffs-Appellants,
v.
LOUISIANA STATE UNIVERSITY MEDICAL CENTER-SHREVEPORT, Defendant-Appellee.
No. 28167-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
Frank M. Ferrell, Shreveport, for Plaintiffs-Appellants.
Comegys, Lawrence, Jones, Odom & Spruiell by James W. Davis, Special Assistant *643 Attorney General, Shreveport, for Defendant-Appellee.
Before SEXTON, HIGHTOWER and STEWART, JJ.
HIGHTOWER, Judge.
In this medical malpractice action, the trial court granted defendant's peremptory exception of prescription after rejecting plaintiffs' constitutional challenge of La. R.S. 9:5628. Finding no error, we affirm the dismissal of the suit.
On April 26, 1985, when Sharon Martini sought medical attention for an ectopic pregnancy at the Louisiana State University Medical Center in Shreveport ("LSUMC"), the treating physicians identified and surgically removed her diseased fallopian tube. Martini would later maintain that, during that procedure and without her consent or knowledge, the health care providers actually excised or damaged her other fallopian tube. She apparently did not discover this alleged act of negligence, however, until December 26, 1991, when her inability to become pregnant prompted an examination by another doctor.
Within one year of that discovery, Martini and her husband filed a petition for the formation of a medical review panel. Soon after that body rendered a written opinion on September 13, 1994, the Martinis filed the present action in district court. LSUMC responded with a peremptory exception of prescription based on La. R.S. 9:5628. Plaintiffs countered that the statute violated La. Const. Art. 1, §§ 3, 22, by depriving her, and others similarly situated, of due process of law, access to the courts, and the right to an adequate remedy, and by unfairly discriminating on the basis of physical condition. Rejecting these contentions, the trial judge sustained defendant's exception and dismissed the suit that had been filed more than nine years after the alleged acts of malpractice. This appeal ensued.
At the request of the parties, this court delayed rendition of its opinion while our supreme court considered a similar question in Whitnell v. Silverman, 95-0112 (La.12/06/96), ___ So.2d ___. That decision did not overrule the earlier rationale of Crier v. Whitecloud, 496 So.2d 305 (La.1986), which upheld the constitutionality of La. R.S. 9:5628. We thus find no merit in plaintiffs' position. Accordingly, at appellants' costs, we affirm the dismissal of this action as prescribed.
AFFIRMED.