CARTER, J.
This is an appeal by a medical malpractice claimant from a trial court judgment sustaining the health care providers’ peremptory exception pleading the objection of liberative prescription and dismissing a proceeding before the Medical Review Panel.
FACTS AND PROCEDURAL HISTORY
On March 11, 1992, Dr. Guy T. Haven, a pathologist, examined an anal polyp which had been surgically removed from Kelly Miller Harris and rendered a diagnosis of “villo-glandular polyp with severe epithelial dyspla-sia.” Dr. Haven further commented in his report, “The lesion approaches carcinoma in-situ in some foci. While there is a small amount of non-neoplastic mucosa present, completeness of excision cannot be assured and close clinical follow-up should be considered.” Dr. Haven’s report was received by Dr. Samuel E. Field, Jr., Mrs. Harris’ treating physician. In his operative report, Dr. Field noted that the pathologist “reported a villoglandular adenoma, benign.”
In May of 1995, Mrs. Harris underwent an elective laparoscopic cholecystectomy, that resulted in the excision of a femoral node which was examined by Dr. Jorge A. Ferrei- *8 ro of the Mayo Clinic, who diagnosed “invasive carcinoma ... consistent with a colonic primary.” The affidavit of Dr. Gregory C. Henkelmann, Mrs. Harris’ treating physician at that time, stated in his opinion that “[c]o-lon cancer is a disease where symptoms might not manifest themselves within a three year period.” In her affidavit, Mrs. Harris averred that she had not suffered any symptoms “related to my primary cancer from March 11, 1992 until after May 23, 1995.”
Mrs. Harris and her husband, Larry Harris, filed a request with the Patient’s Compensation Fund on May 6, 1996, for a medical review panel to review the medical treatment of Dr. Haven and Pathology Associates of Southern Louisiana, Ltd. (Pathology Associates), a professional medical corporation.[1] On August 8,1996, Dr. Haven and Pathology Associates filed a peremptory exception pleading the objection of liberative prescription with the district court seeking to have the medical review panel proceeding dismissed. Judgment was rendered by the district court on July 2, 1997, bsustaining the health care providers’ exception and dismissing Mr. and Mrs. Harris’ suit. From this judgment, Mr. and Mrs. Harris have appealed.
Appellants assign as error the district court ruling “that the three year prescriptive limitation for medical malpractice claims, when applied to a disease with a latency period of greater than three years, did not violate the constitutional guarantee of equal protection to a person with a physical condition.”
DISCUSSION
The time allowed for the institution of an action in medical malpractice is governed by LSA-R.S. 9:5628, which reads as follows:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
This statute provides a one-year prescriptive period which cannot be suspended beyond three years. Abrams v. Herbert, 590 So.2d 1291, 1295 (La.App. 1st Cir.1991).
In the instant case, the alleged malpractice occurred on March 11, 1992; appellants’ action was not filed until May 6, 1996. Applying LSA-R.S. 9:5628, appellants’ action prescribed, at the latest, on March 11, 1995. Since Mrs. Harris allegedly had no reason to suspect malpractice until May of 1995 (when she discovered the 1992 biopsy should have been diagnosed as cancerous), she maintains that the application of LSA-R.S. 9:5628 in her situation denies her constitutional right to equal protection inasmuch as the statute, as applied, discriminates against her on the basis of her physical condition. Mrs. Harris contends that because her illness had a latency period exceeding three years she is being denied her right to recover for medical malpractice as compared to individuals whose undiagnosed disease manifests itself in less than three years.
ItThis court has previously taken the position in In re Medical Malpractice Claim of Nix, 94-0151, pp. 2-3 (La.App. 1st Cir.10/7/94); 644 So.2d 722, 723, that we are bound by Crier v. Whitecloud, 496 So.2d 305, 311 (La.1986), to uphold the constitutionality of LSA-R.S. 9:5628, even though it seems unfair for the claim for prescription to run before a claimant knows his cause of action exists. See also In re Medical Review Panel *9 for Brown, 97-2803, pp. 7-8 (La.App. 4th Cir.7/1/98); 715 So.2d 1249; Martini v. Louisiana State University Medical Center-Shreveport, 28,167, p. 1 (La.App. 2nd Cir.1/22/97); 688 So.2d 642, 643. However, appellants cite Whitnell v. Silverman, 95-0112 (La.12/6/96); 686 So.2d 23, in support of their assertions. Appellants argue that while the supreme court in Whitnell rejected a constitutional challenge to LSA-R.S. 9:5628, it did so because the plaintiffs condition therein did not have a latency period in excess of three years. Appellants further cite to us the supreme court’s language in Whitnell stating, “This ruling by the Court does not address the constitutionality of La. R.S. 9:5628 as it applies to individuals with diseases that have latency periods in excess of three years. The court has basically declined to decide on this issue because it is not presently before it.” Whitnell v. Silverman, 686 So.2d at 29 n. 13. We note the majority opinion of the supreme court also stated, “Until we are satisfied that the facts of a particular case warrant a finding that the statute is unconstitutional in its application, we must obey the legislation.” Whitnell v. Silverman, 686 So.2d at 31. Moreover, Justice Lemmon stated in his dissent, “A case with a lengthy latency period might call for our reexamination of the Crier decision on the constitutionality of Section 5628.” Whitnell v. Silverman, 686 So.2d at 33 n. 5 (Lemmon, J., dissenting). Appellants apparently contend that the supreme court would take the opportunity, in a case such as the one presented herein, to limit the application of LSA-R.S. 9:5628 in those instances where a plaintiff is unable to discover malpractice because the resulting disease cannot manifest itself within the three year time period.
Nevertheless, we cannot reach the issue of the unconstitutionality of LSA-R.S. 9:5628 herein since the issue was not properly presented to the trial court, and is therefore, not properly before this court. It is a long-standing jurisprudential rule of law that a statute must first be questioned in the trial court, not the appellate courts, and the bunconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. Vallo v. Gayle Oil Company, 94-1238, p. 8 (La.11/30/94); 646 So.2d 859, 864-865. Under LSA-C.C.P. art. 852, the pleadings allowed in civil actions are petitions, exceptions, written motions and answers. Vallo v. Gayle Oil Company, 646 So.2d at 865. Thus, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition, an exception, a motion or an answer. Vallo v. Gayle Oil Company, 646 So.2d at 865. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. Vallo v. Gayle Oil Company, 646 So.2d at 865.
Appellants, in the instant ease, raised the issue of the unconstitutionality of LSA-R.S. 9:5628 in their memorandum in opposition to the health care providers’ exception. The record does not reveal that appellants filed a petition, answer, or any other pleading raising the unconstitutionality of LSA-R.S. 9:5628. Therefore, the issue was not properly presented to the district court and cannot be addressed by this court.[2]
The plea of unconstitutionality of LSA-R.S. 9:5628 as applied to the facts of this case could have been raised by appellants prior to trial of the exception by either filing a motion for summary judgment or a motion in limine. However, as the trial court considered .the issue joined based on appellants’ memorandum, and then ruled on the claim, we vacate the ruling and remand to the trial court for appellants to specially plead the unconstitutionality of LSA-R.S. 9:5628 as applied in this case for the issue to be fully litigated. LSA-C.C.P. art. 2164 permits this court to remand a case when the interest of justice is served. Vallo v. Gayle Oil Company, 646 So.2d at 865-66. See also Summerell v. Phillips, 258 La. 587, 602, 247 So.2d 542, 547 (1971).
*10 CONCLUSION
For the reasons set forth above, we vacate the judgment of the trial court and remand the case to the trial court for further proceedings consistent with this opinion. All costs of this appeal are to await final resolution of this matter.
VACATED AND REMANDED.

. Pathology Associates was also made a party to the malpractice action since Dr. Haven rendered treatment to Mrs. Harris as a member of that organization.

. Furthermore, LSA-C.C.P. art. 1880 requires that the attorney general receive notice of suits in which the constitutionality of a statute has been challenged, so that he might exercise his statutory right to represent the state's interests in the proceedings prior to a declaration of unconstitutionality pursuant to LSA-R.S. 49:257(B). We find no indication in the record before us that this notice has been accomplished.