TOBIAS, J.,
concurs in part, dissents in part, and assigns reasons.
hi respectfully concur in the majority’s ruling that the peremptory exception of prescription filed by the defendant/appel-lee, Crescent City Health Services (“Crescent City”), was properly sustained by the trial court. I state my reasoning infra. However, I respectfully dissent from the majority’s ruling that overrules Crescent City’s dilatory exception of prematurity.
My review of the record establishes the facts of this case to be as follows:
This case arises out a claim filed by John Miller (“Miller”) against Crescent City, alleging that it provided improper care to Vivian Miller (“Vivian”), Miller’s wife, while in its care. Miller claims that Vivian suffered injuries and damages over an extended period of time, which lasted through 30 September 2001, the date on which she died.
The original complaint was timely filed with the Louisiana Patient’s Compensation Fund (“PCF”). See La. R.S. 40:1299.41, et seq. A medical review panel convened on 16 January 2007, which rendered a unanimous decision that the ^evidence submitted to the panel did not support that Crescent City failed to meet the applicable standard of care as charged in Miller’s complaint.[1]
Miller filed the instant lawsuit on 1 June 2007. In response, Crescent City filed the dilatory exception of prematurity and peremptory exception of prescription. Crescent City argued that many of the allegations raised by Miller in his suit filed in the trial court were not properly brought before the medical review panel and, therefore, premature. Also, Crescent City contended that matters not properly brought before the medical review panel, i.e., breach of fiduciary duty and unfair trade practices, had prescribed because they were not brought within one year of the date of the alleged malpractice.
*897 The matter was heard by the trial court, which granted the exceptions on 9 January 2009. In its reasons for judgment, the trial court found all new medical malpractice claims were premature, requiring that a new medical malpractice panel be convened. In addition, the court granted the exception of prescription as to the plaintiffs tort claims,[2] dismissing them -with prejudice.
Miller filed a motion for new trial, which was subsequently denied by the trial court without hearing. It is alleged by Crescent City that no subsequent complaint to the PCF was ever filed by Miller. Thus, Crescent City asserts that all additional claims by Miller are now prescribed. However, the issue of whether Miller filed a new complaint with the PCF is not before us and is immaterial to our [..¡consideration because Miller appealed the trial court’s decision determining his claim was premature
In this appeal, Miller has assigned only one error for our review: the trial court erred in granting Crescent City’s exceptions of prematurity and prescription because the record did not contain sufficient evidence to support them.[3] I discuss these in inverse order.

I. Prescription

The trial court correctly found that Miller’s claims for unfair trade practices and breach of fiduciary duty are prescribed. Vivian’s death occurred on 30 September 2001; Miller’s petition was filed on 1 June 2007, well outside the one-year prescriptive period for each of these alleged causes of action. While the allegations were not submitted to the medical review panel, they do not fall within the definition of “malpractice,” and the medical review panel could not rule upon them.[4] Accordingly, Miller was required to file a separate suit within one year of Vivian’s death in order to preserve the non-malpractice tort claims. To the extent |4that the plaintiffs original petition filed in the trial court on 1 June 2007 contains additional allegations that can be construed as torts, these are prescribed.

II. Prematurity

I find that Miller correctly argues that the record before us is insufficient for the trial court’s granting of the exception of prematurity. At no time was the entirety of the initial complaint that Miller filed with the PCF, consisting of his cover letter of transmittal and draft “petition” (which I designate herein collectively as “Miller’s PCF Complaint”) and reviewed by a medical review panel entered into the record *898 as designated on appeal pursuant to La. C.C.P. art. 2128[5] Therefore, I cannot ascertain, and certainly the majority did not and cannot ascertain, whether or not the trial court compared Miller’s PCF Complaint with the actual petition Miller filed in the trial court on 1 June 2007 (which I designate herein “the Filed Petition of 1 June 2007”) after the medical review panel had reached its decision.[6] Additionally, the record on appeal does not contain any evidence of the submissions by the parties to the medical review panel; ergo, one has no idea what the medical review panel considered. However, Crescent City did | .^attach a copy of Miller’s PCF Complaint to its appellate brief filed in this court; this court cannot consider part of the Miller’s PCF Complaint because attachments to appellate briefs are not parts of the record on appeal, as explained infra.
Crescent City contends that Miller’s PCF Complaint was attached to its exceptions (actually meaning to its memorandum in support of its exceptions); however, I find the memorandum filed in support of the exceptions references Miller’s PCF Complaint as exhibit “B;” exhibit “B” to the exceptions in our record consists of only the cover letter sent to the PCF and a copy of the Filed Petition of 1 June 2007. (That is to say, the appellee attached the wrong “petition” to the exceptions; the appellee did not attach a copy of the “draft” petition attached to the cover letter.) In any event, the entirety of Miller’s PCF Complaint is not in the record on appeal, save for the copy attached to the appellee’s brief. If Crescent City had reviewed the record designated on appeal and found a portion missing, it had the duty to require that the record be supplemented. See La. C.C.P. art. 2128.
The record on appeal does not reflect that the trial court made a comparison of Miller’s PCF Complaint and the Filed Petition of 1 June 2007, evidenced by the absence of the entirety of Miller’s PCF Complaint in the record on appeal. Further, the trial court did not review the submissions by the parties to the medical review panel. One must thus of necessity, based upon the specific assignment of error of Miller made to this court, conclude that the trial court erred in granting the dilatory exception of prematurity because the trial court did not have before it any evidence to compare the Filed Petition of 1 June 2007 to anything except the cover letter portion of Miller’s PCF Compliant.
| f¡A court of appeal is a court of record, which must limit its review to evidence in the record before it. La. C.C.P. art. 2164. The courts of this state have consistently held that attachments to briefs are not *899 parts of the record on appeal and cannot be considered by the court in resolving issues on appeal. Some of these cases, which are too numerous to list, arising from the Louisiana Supreme Court and five circuit courts of appeal are:[7] Board of Directors of Industrial Development Bd. of City of New Orleans v. All Taxpayers, Property Owners, Citizens of the City of New Orleans, 03-0826, p. 4 (La.App. 4 Cir. 5/29/03), 848 So.2d 740, 744; Littlejohn v. Quiram, 01-0075, pp. 2-3 (La.App. 4 Cir. 10/24/01), 800 So.2d 73, 74; Dolese v. Harvey, 94-1763, p. 2 n. 1(La.App. 4 Cir. 1/19/95), 649 So.2d 100, 101; Tayco Const. Co., Inc. v. La. Cuisine Restaurant, Inc., 593 So.2d 954, 955 (La.App. 4th Cir.1992); Bordes v. Simplex Mfg. Co., 537 So.2d 1217 (La.App. 4th Cir.1989); Tenneco Oil Co. v. Chicago Bridge & Iron Co., 495 So.2d 1317, 1323 (La.App. 4th Cir.1986); Titlesite, L.C. v. Webb, 36,437, pp. 12-13 (La.App. 2 Cir. 12/11/02), 833 So.2d 1061, 1068-69; Murray v. Town of Mansura, 06-355, pp. 17-18 (La.App. 3 Cir. 9/27/06), 940 So.2d 832, 844; Louisiana Offshore Properties, Inc. v. Manti Resources, Inc., 99-1088, pp. 5-6 (La.App. 3 Cir. 12/29/99), 755 So.2d 988, 992-93; Hover v. Farber, 05-613, pp. 3-4 (La.App. 5 Cir. 1/31/06), 922 So.2d 637, 638; Our Lady of the Lake Hosp. v. Vanner, 95-0754, p. 4 (La.App. 1 Cir. 12/15/95), 669 So.2d 463, 465; Martin v. Comm-Care Corp., 37,600, p. 6 (La.App. 2 Cir. 10/16/03), 859 So.2d 217, 221; State in the Interest of Solomon, 95-0638, p. 6 (La.App. 4 Cir. 3/27/96), 672 So.2d 1039, 1042; Tranum v. Hebert, 581 So.2d 1023, 1026-27 (La.App. 1st Cir.1991); Dawson v. Cintas Corp., 97-2275, p. 3 (La.App. 1 Cir. 6/29/98), 715 So.2d 165, 167; Augustus v. St. Mary Parish School Board, 95-2498, p. 16 (La.App. 1 Cir. 6/28/96), 676 So.2d 1144, 1156; Reed v. Peoples State Bank of Many, 36, 531, p. 5 (La.App. 2 Cir. 3/05/03), 839 So.2d 955, 958; Cajun Elec. Power Co-op. v. Owens-Corning Fiberglass Corp., 580 So.2d 465, 466 (La.App. 5th Cir.1991); Robertson Roofing & Siding, Inc. v. Greenberg, 96-107, p. 4 (La.App. 5th Cir.5/28/96), 693 So.2d 158, 159; Capitol Drilling Co. v. Graves, 496 So.2d 487, 489 (La.App. 1st Cir.1986); Fred H. Moran Construction Corporation v. Elnaggar, 441 So.2d 260, 264 (La.App. 1st Cir.1983); Miller v. Grand Casino Coushatta, 02-468, p. 3 (La.App. 3 Cir. 10/30/02), 829 So.2d 1113, 1115; City of New Orleans v. DiBenedetto, 144 So.2d 558, 560 (La.App. 4th Cir.1962); Chase v. Davis, 20 La. Ann. 201, 201 (La.1868); Boes Iron Works, Inc. v. Travelers Cas. and Sur. Co. of America, 05-782, p. 6 (La.App. 5 Cir. 3/28/06), 927 So.2d 553, 556; Caldwell v. State ex rel. Dept. of Social Services, Office of Community Services, 07-890, p. 6 (La.App. 5 Cir. 5/27/08), 991 So.2d 546, 549; Olson v. Olson, 04-1137, p. 5 (La.App. 5 Cir. 3/1/05), 900 So.2d 52, 55; Barrois v. Wal-Mart Stores, Inc., 97-636, pp. 3-4. (La.App. 5 Cir. 11/25/97), 703 So.2d 798, 799; Vallo v. Gayle Oil Co., Inc., 94-1238, pp. 7-8 (La.11/30/94), 646 So.2d 859, 864-65; Smith v. Willard, 97-1772, p. 5 (La.App. 4 Cir. 3/11/98), 711 So.2d 723, 726; Bustamente v. Jefferson Parish Inspection & Code Enforcement, 96-320, p. 7 (La.App. 5 Cir. 10/1/96), 683 So.2d 822, 826; Williams v. State, Dept. of Health and Hospitals, 95-0713, p. 5 (La.1/26/96), 671 So.2d 899, 902; Reeder v. North, 97-0239, p. 14 (La.10/21/97), 701 So.2d 1291, 1299; M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-0450, p. 1 (La.4/27/07), 956 So.2d 573, 574; Unwired Telcom Corp. v. Parish of Calcasieu, 03-0732, pp. 7-8 (La.1/19/05), 903 So.2d 392, 399; Murphy v. Boeing Petroleum Services, Inc., 600 So.2d 823, 827, n. 1 (La. App. 3rd Cir.1992); Williamson v. CIG- *900 NA/Insurance Co. of N. Am., 576 So.2d 1185, 1188 (La.App. 3rd Cir.1991); Petroleum Helicopters, Inc. v. General Motors Corp., 561 So.2d 203, 206 (La.App. 3rd Cir.1990); Jeanmarie v. Butler, 05-1439, p. 2 (La.App. 4 Cir. 10/11/06), 942 So.2d 578, 579; Holmes v. LSU/E.A. Conway Medical Center, 43,662, p. 10 (La.App. 2 Cir. 10/22/08), 997 So.2d 605, 612; Meaux v. Galtier, 07-2474, p. 2 (La.1/25/08), 972 So.2d 1137, 1138; Bouterie v. Crane, 604 So.2d 1051, 1052 (La.App. 5th Cir.1992), reversed on other grounds, 616 So.2d 657 (La.1993); Urban Management Corp. v. Shreveport Airport Authority, 602 So.2d 1055, 1056 (La.App. 2nd Cir.1992); In re Succession of McKay, 05-603, p. 4 (La.App. 3 Cir. 1/2/06), 921 So.2d 1219, 1222;Chinn v. Mitchell, 98-1060, p. 5 (La.App. 1 Cir. 5/14/99), 734 So.2d 1263, 1267; In re Medical Review Panel of Harris, 97-1970, p. 4 (La.App. 1 Cir. 9/25/98), 725 So.2d 7, 9; Rodgers v. James River II, Inc., 94-1807, p. 5 (La.App. 4 Cir. 9/28/95), 661 So.2d 173, 176; Reed v. Reed, 05-0375, p. 1 (La.3/24/05), 897 So.2d 584, 585; State v. Hatton, 07-2377, p. 19 (La.7/1/08), 985 So.2d 709, 722; Hillman v. Akins, 93-0631, p. 5 (La.1/14/94), 631 So.2d 1, 5; Dauterive Contractors, Inc. v. Landry and Watkins, 01-1112, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242, 1261; Arrington v. Galen-Med., Inc., 04-1235, p. 2 (La.App. 3 Cir. 7/6/07), 970 So.2d 540, 542; Reno v. Scafco, L.L.C., 03-1232, p. 6 (La.App. 3 Cir. 3/3/04), 870 So.2d 311, 314; Billieson v. City of New Orleans, 04-2774, pp. 1-2 (La.1/28/05), 893 So.2d 867; Basco v. Dorthy R. Racine Trucking, Inc., 97-2740, p. 7 (La.App. 1 Cir. 12/28/98), 725 So.2d 606, 609; Barabay Property Holding Corp. v. Boh Bros. Const. Co., LLC, 07-2005, p. 6 (La.App. 1 Cir. 5/2/08), 991 So.2d 74, 78; Levron v. State Through Dept. of Health & Hospitals, 94-2094, pp. 15-16 (La.App. 4 Cir. 4/24/96), 673 So.2d 279, 290; Abuan ex rel. Valdez v. Smedvig Tankships, Ltd, 00—1120, p. 6 (La.App. 4 Cir. 4/11/01), 786 So.2d 827, 832; Johnson v. Aymond, 97-1466, p. 5 (La.App. 3 Cir. 4/1/98), 709 So.2d 1072, 1075; Strickland v. Doyle, 05-11, pp. 5-6 (La.App. 3 Cir. 4/6/05), 899 So.2d 849, 853; Leday v. Safeway Ins. Co. of La., 04-610, p. 9 (La.App. 3 Cir. 11/17/04), 888 So.2d 1084, 1090; C & B Sales & Service, Inc. v. Slaughter, 04-551, pp. 5-6 (La.App. 3 Cir. 10/20/04), 885 So.2d 683, 686-687; Distefano v. B & P Const., Inc., 04-25, p. 5 (La.App. 5 Cir. 5/26/04), 874 So.2d 407, 411; Gray v. Crocker, 37,683, p. 2, fn. 2 (La.App. 2 Cir. 9/24/03), 855 So.2d 842, 843; Strong v. Interkraft Corp., 37,427, pp, 5-6 (La.App. 2 Cir. 6/25/03), 850 So.2d 891, 894; State v. Quantex Microsystems, Inc., 00-0307, p. 5 (La.App. 1 Cir. 7/3/01), 809 So.2d 246, 249; Ford Motor Credit Co. v. Brown, 32,995, pp. 4-5 (La.App. 2 Cir. 4/5/00), 756 So.2d 654, 658; State ex rel. R.C. v. Clarke, 33,023, p. 7 (La.App. 2 Cir. 10/27/99), 743 So.2d 843, 848; Hughes v. Olive Garden Italian Restaurant, 31,939, pp. 6-7 (La.App. 2 Cir. 5/5/99), 731 So.2d 1076, 1080; LaFleur v. Entergy, Inc., 98-344, p. 13 (La.App. 3 Cir. 12/9/98), 737 So.2d 761, 768; South Central Bell v. Milton J. Womack & Associates, Inc., 97-2413, p. 3 (La.App. 1 Cir. 11/6/98), 744 So.2d 635, 637; State in Interest of H.D., 98-0953, p. 7 n. 1 (La.App. 4 Cir. 11/4/98), 721 So.2d 1045, 1048 n. 1; Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877, p. 14 (La.App. 1 Cir. 9/25/98), 728 So.2d 398, 405; J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 8 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 201; Lewis v. Texaco Exploration and Production Co., Inc., 96-1458, p. 7 (La.App. 1 Cir. 7/30/97), 698 So.2d 1001, 1008; Rhodes v. Executive Risk Consultants, Inc., 26,021, p. 5 (La.App. 2 Cir. 8/17/94), 642 So.2d 269, 273; Oswalt v. State, Dept. of Transp. and Development, 93-850, p. 11 (La.App. 3 Cir. 3/30/94), 640 So.2d 388, 395; Haskins v. State Farm Fire & Cas. Co., 612 So.2d *901 990, 992 (La.App. 2nd Cir.1993); D'Arbonne Bank & Trust Co. v. James, 597 So.2d 165, 166-67 (La.App. 2nd Cir.1992); Willis v. Letulle, 597 So.2d 456, 464 (La.App. 1st Cir.1992); Thibert v. Smith, 560 So.2d 553, 555, n. 3 (La.App. 1st Cir.1990); Younce v. Pacific Gulf Marine, Inc., 07-421, p. 25 (La.App. 5 Cir. 1/22/08), 977 So.2d 117, 134; Perkins v. Fontenot, 548 So.2d 369, 371 (La.App. 3rd Cir.1989); Succession of Lavergne, 129 La. 119, 55 So. 734, 735 (La.1911); Thibodeaux v. Landry, 553 So.2d 1083, 1085 (La.App. 3rd Cir.1989); Pinegar v. Harris, 06-2489, pp. 2-3 (La.App. 1 Cir. 5/4/07), 961 So.2d 1246, 1249; Dawson v. Cintas Corp., 97-2275, p. 3 (La.App. 1 Cir. 6/29/98), 715 So.2d 165, 167; J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 8 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 201; Ledet v. National Car Rental System, Inc., 96-1270, p. 3 (La.App. 3 Cir. 6/4/97), 694 So.2d 1236, 1238; Lalena v. Municipal Fire and Police Civil Service Bd., 27,244, p. 1 (La.App. 2 Cir. 9/27/95), 661 So.2d 520, 521-22; Brown v. Brown, 595 So.2d 337, 338 (La.App. 2nd Cir.1992); Shepherd v. City of Baton Rouge/Parish of East Baton Rouge, 588 So.2d 1210, 1211 n. 2 (La.App. 1st Cir. 1991); Graham v. Young, 43 So.2d 297, 298 (La.App. 2nd Cir.1949); A. Baldwin & Co. v. Belong, 151 So. 132, 132 (La.App.1933); Smith v. Henderson, 9 La.App. 425, 429, 121 So. 227 (La.App. 2nd Cir.1928); Board of Commissioners v. Louisiana Commission on Ethics, 416 So.2d 231, 238 (La.App. 1st Cir.1982); United General Title Insurance Company v. Casey Title, Ltd, 01-600, p. 7 (La.App. 5 Cir. 10/30/01), 800 So.2d 1061, 1065; Augustus v. St. Mary School Board, 95-2498, p. 16 (La. App. 1 Cir. 6/28/96), 676 So. 1144, 1156; Norton v. Thome, 446 So.2d 972, 974 (La.App. 3rd Cir.1984); Louisiana Business College v. Crump, 474 So.2d 1366, 1369 (La.App. 2nd Cir.1985); Driscoll v. City of New Orleans, 444 So.2d 756, 757 (La.App. 4th Cir.1984); Chapa v. Chapa, 471 So.2d 986, 987-88 (La.App. 1st Cir.1985);; National American Bank of New Orleans v. Purvis, 407 So.2d 754, 757 (La.App. 1st Cir.1981); City of Slidell v. Primo Enterprises, Inc., 542 So.2d 121, 122 (La.App. 1st Cir.1989).
What the majority does is silently overrule a well-established rule of jurisprudence respecting documents attached to briefs that were not introduced in evidence or made part of the formal record on appeal.
One may now presume that the rule of this circuit is that anything a party attaches to his, her, or its brief may be considered by a panel of this court, regardless of whether it appears in the record on appeal and was or was not introduced in the trial court. One would refer to this new procedural rule in the eighteenth century as flummery, in the nineteenth century as humbug, in the twentieth century as bunk, and by some other term in the twenty-first century.
It appears the majority is trying to say that they don’t care anything about the specifics of what was presented to the medical review panel. The medical review panel received a submission from each party and rendered a decision. Ergo, they considered everything about which Miller was complaining. This is pure speculation not based upon any evidence because neither the trial court nor this court knows from the record on appeal (a) what the medical review panel specifically held (due to the absence of the opinion of the panel), (b) the absence of the submissions to the medical review panel, and (c) the absence of the “draft” petition portion of Miller’s PCF Complaint.
I, therefore, would set aside that portion of the judgment relating to the exception of prematurity and remand the matter to *902 the trial court to again rule upon the exception of prematurity based upon a review of evidence that the parties properly introduce, the entirety of Miller’s PCF Complaint, and the Filed Petition |12of 1 June 2007 (assuming the latter two are properly introduced into evidence). Our procedural law requires nothing less because that is precisely Miller’s assignment of error.

. The formal written decision of the medical review panel is not part of the record on appeal. Accordingly, I assume that the complaint consists of (1) Miller’s counsel's cover letter and (2) the draft petition attached thereto, all as explained in greater detail, infra.

. I understand these to include the allegations of breach of fiduciary duty and unfair trade practices.

. After Miller's motion for appeal was granted, Crescent City filed a motion for summary judgment that was granted by the trial court. Matters relating to the summary judgment are not before us.

. The assertion of unfair trade practices by Miller alleges false, misleading, and deceptive representations as to the quality of care provided by Crescent City. La. R.S. 40:1299.41 A(8), as it read at the time of the alleged acts and omissions of Crescent City, defines malpractice as:
“[A]ny unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.”

. La. C.C.P. art. 2128 states:
The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.

. Of necessity, the majority had to consider the attachment to the appellee's brief of the draft petition attached to Miller’s PCF Complaint, which is not part of the record on appeal, in order to reach the conclusion that it does. If the majority did not, then the majority must have powers that this writer does not possess.

. Louisiana Supreme Court opinions are set forth in boldface.