BARHAM, Judge.
This is a suit to recover the sum of $1,150.00 representing money loaned by J. P. Marr, the plaintiff, to his brother-in-law, J. J. Johnson. The indebtedness was not evidenced by a promissory note or other writing. Defendant pleaded three year prescription under LSA-C.C. art. 3538. The district judge denied the plea of prescription and entered judgment in favor of the plaintiff for $1,150.00, and from this judgment defendant has appealed.
The lower court, in written reasons for judgment, concluded that the loan was made on March 19, 1959; that on April 9, 1959, the defendant, by letter, acknowledged the loan and receipt of the money; that on June 6, 1959, a $1,000.00 check, although never paid by the bank upon which it was drawn, was forwarded to plaintiff by defendant to apply on this indebtedness, and that on December 5, 1959, a $500.00 check was given by the defendant to Mr. Marr to apply to this loan, which was on two occasions refused for payment by the bank. The Court finally found that in September, 1962, the defendant actually paid the sum of $300.00 on the indebtedness. This suit for collection was filed on June 11, 1963.
The lower court stated that Mr. Johnson could not remember any of the details of the transaction and neither admitted nor denied the loan or any of the alleged payments or acknowledgments of liability. All of the testimony is not transcribed and the record is incomplete. This court must necessarily rely upon the trial court’s findings of facts.
LSA-C.C. art. 3538. “The following actions are prescribed by three years:

That for the payment of money lent.”
*807 % * ‡ * * *
This prescription is interrupted by payment on the indebtedness and the filing of suit. Partial payment of an account is an acknowledgment of the debt and interrupts the prescription provided by the above article. There are other methods of acknowledgment of debts which effectively interrupt prescription. The issuance of a check for the purpose of partial payment on an account is in itself sufficient acknowledgment of a debt to interrupt prescription even though the check is not converted to cash or is not honored by the bank upon which it is drawn. In the instant case the lower court has found that there was “money lent” and that the testimony and evidence in the case effectively established acknowledgment of the debt, by payment and otherwise. The Court correctly concluded that these acts were sufficient to interrupt prescription.
The judgment of the district court is affirmed and the costs of this appeal are taxed against appellant.