JiKLIEBERT, Chief Judge.
In this worker’s compensation case, plaintiff, Darene Anderson, sued her employer, St. Rita’s Nursing Home and its insurance carrier, Highland Insurance Company, for benefits from an alleged slip and fall during the course and scope of her employment. After a trial on the merits, the trial court rendered judgment in favor of the defendants and against plaintiff, finding that plaintiff failed to prove that the alleged injury arose out of and in the course of plaintiffs employment. Plaintiff appeals.
After reviewing the entire record, we affirm the trial court’s decision. On appeal, plaintiff argues that the trial court erred in finding that plaintiffs injury did not arise out of or in the course of her employment.
Plaintiff was hired by the defendant, St. Rita’s Nursing Home on August 12,1992 as a nursing assistant. Her duties included assisting patients in bathing and daily hygiene, and providing comfort to the patients. On August 17, 1992, plaintiff worked for the defendant from 3:00 P.M. until 11:00 P.M. At the end of her work shift, plaintiff and a co-employee, Patricia Peters, left the defendant’s premises to wait outside for their ride home. Plaintiff and Peters became frightened when a dog approached them and they re-entered the nursing home. As they reentered the |2premises, a bug (locust) entered the nursing home and began to make chirping noises. Plaintiff claims that the shift supervisor told her to get the bug and, therefore, plaintiff chased the bug in an effort to catch it. In doing so, plaintiff alleges that she slipped and fell. There was much disputed testimony as to whether plaintiff actually slipped and fell.
Upon returning home after the bug incident, plaintiff felt her right shoulder tighten up and she called St. Rita’s to report her injury. She was advised to take Tylenol. When the medication failed to provide any relief, plaintiff decided to seek additional *35 medical treatment. She called St. Rita to obtain approval for further medical treatment and was informed that the person with such authority was not available at that time.
Plaintiff went to the Chalmette Medical Center for treatment and was diagnosed as having a strain of her right arm. Plaintiff continued to seek treatment at the Chalmette Medical Center on subsequent dates and was subsequently referred to an orthopaedic specialist. On September 16, 1992, plaintiff began receiving treatment from Dr. Charles Simmons, a general practitioner. Dr. Simmons later referred plaintiff to an orthopae-dist and plaintiff began treatment with Dr. George Murphy, an orthopaedic specialist, on January 21, 1993. Dr. Murphy later recommended an MRI of the cervical spine and right shoulder which were never performed due to the failure to obtain authorization for payment of the tests from the defendant.
Plaintiff admitted that she received unemployment compensation from October 6, 1992 through April 3, 1993. She testified that she applied for the unemployment benefits for economic reasons.
An employer is responsible for compensation benefits to an employee who is injured by an accident which occurs in the course of the employment and arises out of the employment. LSA-R.S. 23:1031.
As stated in Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992), the following criteria are |3used to determine the issue of whether an accident occurs in the course of and arises out of the employment:
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer’s premises or at other places where employment activities take the employee. Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932); W. Malone & H. Johnson, 13 Louisiana Civil Laiv Treatise—Worker’s Compensation § 161 (2d ed. 1980). While coverage has been extended in some cases to include accidents during times for rest or lunch periods or before and after work on the employer’s premises, or to include accidents at places where employment duties are performed off the employer’s premises, the principal criteria for determining course of employment are time, place and employment activity.
The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Myers v. Louisiana Railway and Navigation Co., 140 La. 937, 74 So. 256 (1917). Moreover, an accident has also been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred, Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). Thus, when the employee is squarely within the course of his employment virtually any risk (whether an increased risk or not) has been considered as arising out of employment. W. Malone & H. Johnson, supra at § 193.
The principal objective of the “arising out of employment” requirement is to separate accidents attributable to employment risks, which form the basis of the employer’s obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible» 1 A. Larson, Workmen’s Compensation § 7.00 (1990). The risks which have caused the greatest difficulty are those that have neither a particular employment character nor a particular personal character. Id.
In the present case, plaintiffs alleged injury took place after she had completed her employment duties for that night. Although plaintiff had re-entered the building in which her employment duties were performed, she was in the public area of the building at the time of the alleged slip and fall. The trial court found that the chasing of the bug under the circumstances did not constitute part of the plaintiffs duties as a nursing assistant. *36 LThere was conflicting testimony as to whether plaintiff was instructed or told to catch the bug by the night shift supervisor. The trial court resolved this conflicting testimony in favor of the defendants.
Further, the risk which gave rise to the injury was not greater for the plaintiff than for a person not so employed. Although the alleged accident occurred on the employer’s premises, the conditions of the employment did not cause the plaintiff to re-enter the employer’s premises. The plaintiff chose to re-enter the premises because of her fear of the dog while waiting for her ride.
We find no error in the trial court’s determination that the plaintiffs alleged accident did not occur in the course of the plaintiffs employment and did not arise out of the employment. We therefore do not need to address plaintiffs additional assignments of error.
Accordingly, the judgment of the trial court is affirmed. Plaintiff is cast for all costs of this appeal.

AFFIRMED.