690 So.2d 899 (1997)
Don J. CHAISSON and Diane Chaisson, Plaintiffs-Appellees,
v.
Matthew CHAISSON, Defendant-Appellant.
No. 29243-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
Wiener, Weiss & Madison by Katherine Clark Hennessey, Shreveport, for Defendant-Appellant.
Weems, Wright, Schimpf, Hayter & Carmouche by John C. Geyer, Shreveport, for Plaintiffs-Appellees.
Before MARVIN, C.J., and STEWART and GASKINS, JJ.
STEWART, Judge.
Matthew Chaisson appeals a judgment of the Shreveport City Court finding that his parents, Don and Diane Chaisson, were entitled to repayment, in the amount of $10,006.12, plus legal interest from the date of judicial demand, on money advanced to Matthew for a car, college expenses, furniture, etc. Matthew assigns five errors. For the following reasons, we affirm.

FACTS
From March, 1989, through December, 1991, Mr. and Mrs. Chaisson advanced money to their youngest son Matthew for a car, college expenses, furniture, etc. When Matthew graduated Louisiana Tech University and obtained full-time employment, he began making payments to his parents in the amount of $300.00 per month from September, *900 1991, through September, 1992. In July, 1993, the amount of the payments were reduced to $200.00 per month by agreement between Matthew and his parents. Matthew made five payments in the amount of $200.00. After November, 1993, all payments from Matthew ceased.
Mr. and Mrs. Chaisson retained counsel who wrote Matthew demanding repayment on the money lent him by the Chaissons. Once Matthew obtained counsel, all further contact regarding the debt was made with Matthew's attorney. Matthew disputed that any money was owed his parents, except on the loan with which Matthew purchased a car.
Thereafter, on May 19, 1995, Mr. and Mrs. Chaisson filed suit in Shreveport City Court to recover the amount they allegedly loaned Matthew for a car and college expenses. Trial was held on January 18, 1996. At trial, Mr. and Mrs. Chaisson introduced a handwritten document listing money loaned to Matthew for numerous reasons, including summer school tuition, rent, furniture, housewares, spending money, etc. That document also indicated several payments made by Matthew and included a detailed repayment schedule. At trial, Matthew's siblings testified as to their agreement with their parents regarding payment of college expenses. Matthew's sister, Audra, did not owe her parents any amount when she graduated college. However, Matthew's brother, Peter, did owe his parents some amount of money and made payments until he had paid his parents back on those loans. A family friend, Anna Ratcliff, testified regarding her personal knowledge of Mr. and Mrs. Chaisson's policy of advancing money to their children for various reasons and of requiring repayment of those advances.
On April 1, 1996, the trial court rendered written reasons and found that there was an oral agreement between Matthew and his parents to repay the advances of money, that, upon his securing full-time employment after graduation, Matthew did begin making payments "without imputation as to which of these debts would be paid first," and that, as the debts were of the same nature and were due at the same time, payment was proportionally imputed to all debts pursuant to La.C.C. art. 1868. The court further found that the debts had not prescribed nor had Mr. and Mrs. Chaisson violated the Fair Debt Collection Act. The court rendered judgment in favor of Mr. and Mrs. Chaisson in the amount of $10,006.12 plus legal interest from the date of judicial demand. Judgment was prepared by counsel for Mr. and Mrs. Chaisson, approved by counsel for Matthew Chaisson, and signed on April 15, 1996.

DISCUSSION

Assignment of Error #1
Matthew asserts that the trial court erred in finding that an agreement existed between he and his parents concerning the repayment of money advanced by Mr. and Mrs. Chaisson, except for the amount advanced for purchase of a car.
An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless the finding is clearly wrong. Lewis v. State Through DOTD, 94-2730 (La.4/21/95), 654 So.2d 311; Stobart v. State through DOTD, 617 So.2d 880 (La. 1993); Lebeaux v. Newman Ford, Inc., 28, 609 (La.App. 2 Cir. 9/25/96), 680 So.2d 1291. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Lewis v. State Through DOTD, supra; Stobart v. State through DOTD, supra; Lebeaux v. Newman Ford, Inc., supra.
In any action based on contract, three elements must be proven: 1) an offer, 2) an acceptance, and 3) the consent of the parties. La.C.C. art. 1927. Absent any formalities as may required by law, an offer and acceptance may be made "orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." La.C.C. art. 1927.
Matthew contends that Mr. and Mrs. Chaisson failed to prove that they made an offer to Matthew which he accepted and that, therefore, there was never any consent or "meeting of the minds" regarding the terms of the alleged loan agreement. See Eagle Plumbing, Heating and Air Conditioning, *901 Inc. v. Ragusa, 517 So.2d 280 (La.App. 1 Cir.1987).
Included in the evidence adduced at trial was a hand written document listing the advances of money made to Matthew for various reasons, indicating any payments made by Matthew and the balance owed, and including computation of a monthly payment amount and a payment schedule. Further, the testimony of Mr. and Mrs. Chaisson, Audra, and Peter clearly established that Mr. and Mrs. Chaisson advanced money to their children during their college years for personal needs and that Mr. and Mrs. Chaisson intended these advances to be loans which would be repaid by the individual child upon graduation and obtaining full-time employment. Matthew also testified that this was the family policy and admitted that he and his parents had discussed, on more than one occasion, the money advanced to him and their intention that the advances were to be considered a loan.
Although Matthew, by his own admission, understood his parents' intent, he contends that he did not explicitly agree to their terms but that he merely took the money. The trial court questioned Matthew extensively concerning this aspect of his testimony and whether Matthew considered any options for funding his college education other than his parents, such as student loans, National Guard, etc. The colloquy between the trial court and Matthew clearly establishes that Matthew knew that his parents intended the advances to be loans which he was responsible for repaying upon obtaining full-time employment after graduation and that, although the specific details of the agreement, i.e., interest rate and term of repayment were not determined at the time he accepted the loans, he knew there would be a term for repayment of the balance of the money advanced plus interest.
Contrary to Matthew's contention, we find an offer and an acceptance under the circumstances of this case. Matthew's parents made him a standing offer to lend him money for his tuition and other things during his college years on the understanding that he would be obligated to pay the loans in installments once he was out of college and gainfully employed. He accepted their offer from time to time by accepting from them specific amounts of money for particular purposes for which he needed money. An offer may be accepted other than by sacramental words such as "I accept your offer." North Louisiana Milk Producers Ass'n, Inc. v. Southland Corp., 352 So.2d 293 (La.App. 2 Cir.1977).
Based on the evidence and testimony presented, we do not find that the trial court was clearly wrong or manifestly erroneous in finding that an agreement existed between Matthew and his parents concerning repayment of money advanced for college expenses by Mr. and Mrs. Chaisson to Matthew. This assignment is without merit.

Assignment of Error #2
Matthew asserts that the trial court erred in allowing testimony of his siblings, Audra and Peter, concerning their agreements with their parents to establish an agreement between Matthew and his parents. However, Matthew failed to brief this assignment of error. Therefore, we will pretermit a discussion of this assignment.

Assignments of Error #3 and #4
Matthew contends that his parents failed to file suit for repayment timely. He asserts that the money advanced was not "of the same nature" as found by the trial court and that a three year prescriptive period applied so that his parents should have filed suit within three years of his graduation from college on May 18, 1991.
Mr. and Mrs. Chaisson argue that the trial court did not err in finding that the money advanced Matthew were loans "of the same nature" and that the debts had not prescribed because Matthew made payments by check with no reference to payment on the car loan.
La.C.C. art. 1868 provides, in pertinent part, that "if all debts are of the same nature and became due at the same time, payment must be proportionally imputed to all." An action on money lent is subject to a three-year prescriptive period which commences to run from the day payment is exigible. La. C.C. art. 3494; La.C.C. art. 3495.
*902 The record establishes that the loans were used to purchase such items as a car, gifts, and household necessities and to pay such expenses as rent, utilities, and insurance premiums. All these loans were for expenses incurred during the time Matthew attended college and were related to his college attendance. We find that the trial court was not clearly wrong in finding that, pursuant to La.C.C. art. 1868, the debts were of the same nature and became due at the same time and that, therefore, payment on one debt must be imputed proportionally to all.
As previously discussed, the agreement between Matthew and Mr. and Mrs. Chaisson provided that Matthew was not obligated to begin repaying the amounts advanced for his college expenses until he obtained full-time employment after graduation. Matthew graduated on May 18, 1991. Matthew made payments sporadically until November 6, 1993. Each payment was made by check referenced only as a monthly payment such as "June payment" or "August payment." Mr. and Mrs. Chaisson filed this lawsuit on May 19, 1995.
Prescription is interrupted by acknowledgment of the debt. La.C.C. art. 3464. Payment on the debt constitutes an acknowledgment which interrupts prescription. Marr v. Johnson, 204 So.2d 806 (La. App. 2 Cir.1967). As we agree with the trial court that these debts are of the same nature and due at the same time and that payment must be proportionally imputed to all the debts, Matthew's payments on these loans interrupted prescription until the last payment on November 6, 1993. Clearly, Mr. and Mrs. Chaisson timely filed this action within three years of that date. We find that the trial court was not clearly wrong in finding that the debts had not prescribed. Therefore, this assignment is without merit.

Assignment of Error # 5
Matthew argues that Mr. and Mrs. Chaisson violated the Fair Debt Collection Act by filing suit against Matthew on a prescribed debt. Because we found that the debts had not prescribed, this assignment is without merit.
In their brief, Mr. and Mrs. Chaisson contend that the trial court erred in calculating the total amount owed them by Matthew. They assert that the correct amount is $18,006.12, less payments in the amount of $4,300.00, for a total of $13,706.12. However, Mr. and Mrs. Chaisson did not file a motion for rehearing or motion to amend judgment in the trial court nor did they answer this appeal. Therefore, Mr. and Mrs. Chaisson did not preserve this error for appeal pursuant to La.C.C.P. art. 2133.

CONCLUSION
For the reasons assigned, we affirm the judgment of the trial court. Costs of this appeal are assessed to Matthew Chaisson.
AFFIRMED.