731 So.2d 1076 (1999)
Donna Lynn HUGHES, Plaintiff-Appellant,
v.
OLIVE GARDEN ITALIAN RESTAURANT and Liberty Mutual Insurance Co., Defendants-Appellees.
No. 31,939-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*1077 Bobby L. Culpepper & Associates by Bobby L. Culpepper, Counsel for Appellant.
Theus, Grisham, Davis & Leigh by James M. Edwards, Monroe, Counsel for Appellees.
Before STEWART, GASKINS and DREW, JJ.
DREW, J.
In her suit for damages arising out a fall at her employer's premises, Donna Lynn Hughes appealed a summary judgment in favor of her employer and its insurer. The issue is whether plaintiff's exclusive remedy is in worker's compensation. After "clocking out" following her day's work, she was injured in an area inaccessible to the general public. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
Employed as a cashier/bar tender at The Olive Garden Restaurant in Monroe on May 19, 1996, Hughes was scheduled to work from 4:00 p.m. until closing around 10:00 p.m. At the instructions of the manager, she clocked out early about 9:15 p.m., since business was slow. She left the restaurant briefly to move her car from the rear to the front parking lot. Hughes then reentered the restaurant and talked with co-employees while awaiting the arrival of her daughters who were to ride home with her. Hughes and the others sat in the bar area and discussed whether plaintiff had sampled a new dessert the restaurant was serving. It was customary for employees to sample products to become familiar with foods to better assist customers. When one of the managers did not return to the bar, she went through the bar and into the alley, the area where employees make the last preparations before serving the food. She spoke with the manager about sampling a piece of the dessert. He looked and found none in the small cooler in the alley. When Hughes asked, the manager stated that some of the cake was in the freezer and suggested that she get a piece for herself and for the manager who also had not tried the dessert. Inside the freezer, she slipped on an icy floor and injured herself.
On February 20, 1997, plaintiff brought this personal injury action in tort in Ouachita District Court against GMRI, Inc. d/b/a The Olive Garden Restaurant and *1078 its insurer, Liberty Mutual Insurance Company. Responding with a motion for summary judgment, defendants maintained that plaintiff was in the course and scope of her employment at the time she was injured and that her exclusive remedy was via worker's compensation. Defendants supported the motion for summary judgment with the pleadings, Hughes' deposition and their written discovery requests along with Hughes' responses.
In reasons for judgment, the trial court noted that Hughes fell in a freezer isolated from public areas and inaccessible to the general public. Regardless of whether she was expected to sample the dessert as a duty of her employment, she would not have been allowed in the freezer except for her employment at the Olive Garden. Noting that Olive Garden would have a difficult time arguing against worker's compensation coverage, the trial court granted the summary judgment in favor of defendants and dismissed Hughes' tort action.

DISCUSSION
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Thus, an appellate court questions whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. Ledent v. Guaranty National Ins. Co., 31,346 (La.App.2d Cir.12/28/98), 723 So.2d 531.
Summary judgments are governed by La. C.C.P. art. 966, which was amended in both the 1996 and 1997 legislative sessions. See Acts 1996, 1st Ex.Sess., No. 9 and Acts 1997, No. 483. The effect of these amendments is to establish that summary judgment is now favored. A motion for summary judgment should be granted if the pleadings, depositions, interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law.
La. C.C.P. art. 966 now states that if the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, and the nonmoving party fails to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment should be granted.
La. C.C.P. art. 967 provides that when a motion for summary judgment is made and supported as above, an adverse party may not rest on her pleadings, but her responses, by affidavits or otherwise provided above, must set forth specific facts showing that there is no genuine issue for trial. If she does not so respond, summary judgment is appropriate and shall be rendered against her. Cassey v. Stewart, 31,437 (La.App.2d Cir.1/20/99), 727 So.2d 655.
Hughes argued that the trial court erroneously granted summary judgment because Olive Garden and its insurer did not sustain their burden of proving that they were entitled to tort immunity under La. R.S. 23:1032. Specifically, Hughes complained that defendants did not establish that Hughes' injury occurred in the course and scope of Hughes' employment at the restaurant.
In its reasons for judgment, the trial court distinguished two cases upon which Hughes relied. In Mundy v. Dept. of Health and Human Resources, 593 So.2d 346 (La.1992), Mundy was injured while in the public area, an elevator, of her employer's premises. An unknown assailant stabbed her as she was going to begin her shift as an LPN at Charity Hospital in New Orleans. Mundy was not in the course of employment because she was in *1079 a public area and was not under the supervision and control of her employer. The injury did not arise out of her employment because the risk of being stabbed was not greater to plaintiff than for any other member of the public. Therefore, Mundy was not restricted to worker's compensation recovery and could pursue her action in tort.
The employer is responsible for compensation benefits to an employee who is injured by an accident which occurs in the course of the employment and arises out of the employment. La. R.S. 23:1031. Compensation benefits are the employee's exclusive remedy against his employer for such an injury. La. R.S. 23:1032. When the employer seeks to avail itself of tort immunity under Section 1032, the employer has the burden of proving entitlement to immunity.
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer's premises or at other places where employment activities take the employee. While coverage has been extended in some cases to include accidents during times for rest or lunch periods or before and after work on the employer's premises, or to include accidents at places where employment duties are performed off the employer's premises, the principal criteria for determining course of employment are time, place and employment activity.
The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. 593 So.2d at p. 349. (Citations omitted.)
Not separate and unrelated, the concepts of "course of employment" and "arising out of employment" are mutually interdependent. In a particular case, a weak showing of one may be counterbalanced by a strong showing of the other. Mundy, supra.
In Anderson v. Mamgano, 94-723 (La. App. 5th Cir. 2/15/95), 652 So.2d 34, a nursing assistant, Anderson, had finished her shift and had gone outside with a coworker to wait for a ride home. Frightened by a dog, the pair reentered the premises. A locust got into the building at the same time. Plaintiff slipped and fell while attempting to catch the bug. There was disputed testimony as to whether plaintiff slipped and fell and as to whether Anderson was told by the night supervisor to catch the bug. Credibility determinations were resolved in favor of defendant's version of events. The court held that Anderson could not recover worker's compensation. She was in a public area of the employer's premises. Chasing a bug was not part of her duties which had ended. The risk of falling while chasing a bug was not greater for Anderson than any member of the public. The incident did not occur in the course of and did not arise out of her employment.
In Mitchell v. Brookshire Grocery Company, 26,755 (La.App.2d Cir.4/5/95), 653 So.2d 202, writ denied, 95-1115 (La. 6/16/95), 655 So.2d 339, Mitchell had completed her shift and clocked out. She made a personal purchase in the store and was walking to her car when she fell in a pot hole and suffered serious injuries. This court distinguished Mundy, supra, and noted that, as an employee, Mitchell was presumed to encounter the risk of the defective parking lot at a greater frequency than the general public and had a greater probability of injury. Mitchell remained on the premises after work for a personal errand. This court concluded Mitchell was in the course and scope of her employment and entitled to worker's compensation.
*1080 Unlike Mundy, Anderson, and Mitchell, supra, in which the injuries occurred in public areas of the employers' premises, Hughes was injured in an area which was not accessible to the public. Contrary to Mundy and Anderson, supra, the risk was greater for the employees than the public. Like this plaintiff, the employee in Mitchell supra, was at greater risk than the general public by virtue of her employment and was entitled to proceed in worker's compensation.
The trial court found that Hughes would not have been allowed in the freezer if she had not been an employee. The trial court did not err in finding that Hughes was in the course of her employment when her injury occurred. Although the accident happened from 30 to 40 minutes after she had "clocked out," her activity, sampling the new dessert, and the place, in the freezer inaccessible to the public, placed her activity within the course of her employment. This accident also arose out of her employment because the risk of injury in the freezer was much greater for Hughes and other Olive Garden employees than it was for the public at large who had no access to the freezer located in a restricted area of the restaurant.
Because defendants introduced no evidence or affidavit from an Olive Garden employee to show who was allowed in the freezer, Hughes argued that a genuine issue of material fact exists. That argument is without merit. The defendants relied upon the pleadings and filed Hughes' deposition testimony and discovery responses to support the motion for summary judgment. Hughes' deposition testimony established that customers were not allowed behind the bar, in the alley (area where servers made last preparations before serving food) or in the freezer (located in the rear of the premises off the hallway adjacent to the cooking area) according to the diagram plaintiff drew. As a bartender, Hughes had to go into the freezer from time to time to obtain foods such as ice cream, cakes and daiquiri mixes needed in the bar.
Although the trial court's reasons for judgment refer to plaintiff's opposition to defendants' motion for summary judgment, the opposition and any attachments were not filed into the record in the trial court and are not contained in the record on appeal. Her affidavit, to which she referred in her appellate brief, stated that employees were not required to sample desserts, that she anticipated paying for her dessert, and this was her first trip into the freezer to get a dessert sample. The affidavit is attached to her appellate brief, but is not found in the appellate record. Neither appellate briefs nor attachments to briefs are part of the appellate record. These documents may not be considered by this court unless they have been properly introduced into evidence. Rhodes v. Executive Risk Consultants, Inc., 26,021 (La.App.2d Cir.8/17/94), 642 So.2d 269.
A de novo review of this entire record dictates that the judgment of the trial court be affirmed. The pleadings, depositions and discovery responses establish that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. Defendants relied upon the pleadings and plaintiff's responses to discovery and deposition which establish that plaintiff was in the course of her employment out of which her injury arose. Hughes failed to place into the record her opposition to the summary judgment of which the trial court had benefit. However, even if this court had considered plaintiff's affidavit opposing the motion for summary judgment, nothing therein establishes that the motion for summary judgment should have been denied.

*1081 DECREE

At the time of plaintiff's injury, she was in the course of her employment and engaged in an activity arising out of her employment. Plaintiff's exclusive remedy is in worker's compensation. The summary judgment in favor of defendants which dismissed Hughes' action for damages is affirmed at plaintiff's costs.
AFFIRMED.