756 So.2d 654 (2000)
FORD MOTOR CREDIT COMPANY, Plaintiff-Appellee,
v.
Delela P. BROWN, Defendant-Appellant.
No. 32,995-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
*655 Jesse Clarence Brown, New Orleans, Counsel for Defendant-Appellant.
*656 Newman, Mathis, Brady, Wakefield & Spedale by Robert T. Wakefield, Metairie, Counsel for Plaintiff-Appellee.
Before WILLIAMS, GASKINS and DREW, JJ.
DREW, J.
Delela Brown appeals a default judgment in favor of the plaintiff, Ford Motor Credit Company, awarding $2,356.25, with 14.75% per annum interest from August 1, 1995, until paid, together with 25% of principal and interest as attorney fees and for all costs of these proceedings. For the following reasons, we affirm.

FACTS
Delela Brown ("Brown") purchased a 1988 Mustang on March 8, 1989. Brown financed her car with Ford Motor Credit Company, agreeing to pay a total note of $14,287.20, due in 60 monthly installments of $238.12. Brown's first payment was due on April 7, 1989, and her last payment of $238.12 was due on March 7, 1994.
This financing agreement included the following clause concerning vehicle insurance:
Buyer must insure himself and the Creditor against loss or damage to the Vehicle. The type and amount of insurance must be approved by the Creditor. The Creditor may buy the insurance if Buyer does not but he does not have to do so. If the Creditor buys the insurance, he may insure only himself or both Buyer and himself. The cost of this insurance may not exceed the amount shown as the Total of Payments on the face of this contract. In either case, Buyer agrees to pay back to the Creditor what he pays for the insurance plus interest at the rate of 18% per annum. Buyer must make this payment in a lump sum if the Creditor asks Buyer to do so. The Creditor may let Buyer pay for the insurance in equal payments due at the same time Buyer's other installment payments are due. If so, the charge for insurance plus interest on the insurance premiums at the highest contract rate allowed by law will be spread over the remaining term of the contract and will increase Buyer's monthly payment on a pro-rata basis. If the Creditor insures only himself, Buyer will not have insurance. Whether or not the Vehicle is insured, Buyer must pay for it if it is lost, damaged or destroyed.
Our emphasis.
As clearly demonstrated by her signature on the financing agreement, Brown agreed to the above terms concerning vehicle insurance.
Brown failed to purchase vehicle insurance and Ford elected to do so. Brown made all payments of $238.12 as required by the contract, but ultimately owed $2,356.25 for the automobile insurance purchased by Ford, as well as the interest on that amount. Brown refused to pay the amount still due and owing upon receipt of a delinquency notice from Ford. Accordingly, on October 16, 1995, Ford filed a petition on a promissory note in order to collect.
A preliminary default was entered on December 11, 1995. Several days later, the court granted Brown an additional 30 days to file responsive pleadings. Brown did not answer the petition and instead elected to file an exception of prescription on March 5, 1996. In this exception, Brown argued that Ford's cause of action had prescribed pursuant to La. C.C. art. 3498. By judgment dated May 16, 1996, the trial court denied the exception of prescription and ordered Brown to file an answer within 15 days.
In response to the trial court's order, Brown next filed an exception of "no cause and/or no right of action" on June 17, 1996. Specifically, Brown contended that Ford failed to state a cause of action by not alleging that payment on the original amount due under the financing contract was in default. There is no allegation in *657 the exception addressing the issue of no right of action. Brown also reurged her exception of prescription. Following a hearing, the trial court denied the exception on July 31, 1996, and again ordered Brown to file responsive pleadings within the delays allowed by law. However, no judgment denying the exception was signed until May 28, 1998. Brown was ordered to file responsive pleadings in this matter on or before June 30, 1998.
In response to the trial court's order to file responsive pleadings, Brown filed yet another exception, this time an exception of non-joinder of an indispensable party. Brown alleged that the indispensable party that had not been joined was the insurance company which provided the insurance under the financing agreement in the amount of $2,356.25. In this exception, Brown also reurged the prescription argument as well as her no cause/no right of action exception. On September 28, 1998, the trial court denied Brown's exception of non-joinder of an indispensable party and once again ordered Brown to file an answer to the petition within 15 days.
Brown failed to do so, thus enabling Ford to confirm its preliminary default on October 23, 1998. This default judgment was for the full sum of $2,356.25 with 14.75% per annum interest from August 1, 1995 until paid, together with 25% of principal and interest as attorney fees and for all costs of the proceedings. It is from this judgment that Brown has appealed.

DISCUSSION

Prescription
Brown contends that the trial court erred in denying her exception of prescription. La. C.C. art. 3498 provides:
Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible.
Prescription is interrupted by acknowledgment of the debt. La. C.C. art. 3464. Payment on the debt constitutes an acknowledgment which interrupts prescription. Chaisson v. Chaisson, 29,243 (La.App.2d Cir.2/26/97), 690 So.2d 899; Marr v. Johnson, 204 So.2d 806 (La.App. 2d Cir.1967). Thus, Ford had five years, or from March 1994 when Brown refused to pay the amount owed, to recover the debt. In short, Ford had until March 1999 to file suit. Ford filed suit in October 1995, which was well within the prescriptive period allowed by law. This assignment of error is without merit.

Exceptions of No Cause of Action/No Rights of Action
Brown next argues that the trial court erred in denying her exceptions of no cause of action and no right of action.
Brown filed a pleading entitled exception of no cause and/or no right of action. However, Brown failed to argue no right of action in that exception. Instead, Brown simply argued that Ford failed to state a cause of action because Ford failed to allege that Brown defaulted on her promissory note. Nonetheless, La. C.C.P. art. 2163 allows the filing of a peremptory exception for the first time in an appellate court, if pleaded prior to submission of the case for decision and if proof of the ground of the exception appears of record.
The exception of no right of action challenges whether the plaintiff has an actual interest in bringing the action. La. C.C.P. art. 927(A)(5); Grocery Supply Co. v. Winterton Food Stores, 31,114 (La. App.2d Cir.12/9/98), 722 So.2d 94. Whether a plaintiff has a right of action depends on whether the plaintiff belongs to a particular class of persons to whom the law grants a remedy for the alleged grievance, or whether the plaintiff has an interest in judicially enforcing the right asserted. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm., 94-2015 (La.11/30/94), 646 So.2d 885; Grocery Supply Co., supra.
*658 In her appeal brief, Brown asserts that Ford has no right of action in this matter because she has fulfilled her obligation to them by making the required 60 payments, thus paying the contract in full. Brown attempts to support this argument by the attachment of a previously unintroduced letter written by her attorney to the Louisiana Motor Vehicle Commission. This letter has never been authenticated and is clearly hearsay. La. C.E. art. 802. Furthermore, neither appellate briefs nor attachments to briefs are part of the appellate record. These documents may not be considered by this court unless they have been properly introduced into evidence. Hughes v. Olive Garden Italian Restaurant, 31,939 (La.App.2d Cir.5/5/99), 731 So.2d 1076; Rhodes v. Executive Risk Consultants, Inc., 26,021 (La.App.2d Cir.8/17/94), 642 So.2d 269.
This argument does not support an exception of no right of action. Clearly, Ford paid insurance premiums pursuant to a contract with Brown. Ford is now attempting to recover these payments as provided in the contract. Ford is the party with an interest in bringing the instant action. Therefore, Brown's assertion that Ford has no right to bring this action is without merit.
The exception of no cause of action is a peremptory exception intended to test the legal sufficiency of the petition. La. C.C.P. art. 927; Roberts v. Sewerage and Water Bd. of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341; Steed v. St. Paul's United Methodist Church, 31,521 (La.App.2d Cir.2/24/99), 728 So.2d 931, writ denied, 99-0877 (La.5/7/99),740 So.2d 1290. It is tried only on the face of the pleadings; generally, the exception must be overruled unless the allegations in the petition exclude every reasonable hypothesis other than the premise upon which the defense is based, i.e., unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Haskins v. Clary, 346 So.2d 193 (La.1977). Every reasonable interpretation must be accorded the allegations in favor of maintaining the sufficiency of the petition. Jarrell v. Carter, 577 So.2d 120 (La.App. 1st Cir. 1991), writ denied, 582 So.2d 1311 (La. 1991).
Every pleading is construed so as to do substantial justice. La. C.C.P. art. 865. The caption of the pleading does not control; the court is obligated to determine the substance of the pleading. Smith v. Cajun Insulation Inc., 392 So.2d 398 (La.1980); Banks v. Rattler, 426 So.2d 362 (La.App. 2d Cir.1983).
It is clear from the face of Ford's petition that Ford has stated a cause of action. It is alleged that Brown is indebted in the amount of $2,356.25 to Ford. It is further alleged that the indebtedness stems from an installment contract that Brown signed with Ford. The trial court was correct in its determination that Ford stated a cause of action in this matter. This assignment of error is without merit.

Non-joinder of an Indispensable Party
Lastly, Brown argues that Ford's petition should have been dismissed because it failed to join an indispensable party, American Road Insurance Company, the insurer that provided Ford with automobile insurance coverage for Brown's automobile. La. C.C.P. art. 641 provides:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
In reasons for judgment dated September 28, 1998, the trial court denied the *659 exception of failure to join an indispensable party, finding:
The court notes that the insurance company, American Road Insurance Company may have relevant information and a representative may be a witness in the instant suit to establish whether insurance was purchased by the creditor and how much was paid. However, the court finds that the insurance company has no interest and claims no interest relating to the subject matter of this action and is therefore not an indispensable party.
An "indispensable party" is one whose interests in the subject matter of the litigation are so interrelated that a complete adjudication of the controversy cannot be made unless that party is joined, see West v. East Town and Country Drainage District, 651 So.2d 907 (La.App. 2nd Cir.1995). The criteria described in West is not satisfied in the instant suit. Further, complete relief can be accorded among those already parties without adding the insurer, see C.C.P. 641.
American Road Insurance Company was paid for the insurance that it provided to Ford and is clearly not even a party to these proceedings, let alone an indispensable party. The instant action is simply one brought by Ford to recover from Brown money it has already paid to American Road Insurance Company. Thus, the only parties necessary for a complete adjudication of this matter are Ford and Brown. This assignment is without merit.

DECREE
For the reasons set forth above, the judgment of the trial court is hereby AFFIRMED at the appellant's cost.