947 So.2d 724 (2007)
Susan ARRINGTON, et al.
v.
GALEN-MED, INC., et al.
No. 2006-C-2944.
Supreme Court of Louisiana.
February 2, 2007.
*725 PER CURIAM.
In these consolidated applications, the parties seek this court's review of a judgment of the court of appeal which declared La. R.S. 40:1299.42(B) to be unconstitutional pursuant to La. Const. Art. I, § 22. For the reasons that follow, we grant the writs, vacate the court of appeal's judgment of unconstitutionality on procedural grounds and remand the case to the court of appeal for consideration of the remaining issues in the case.

UNDERLYING FACTS AND PROCEDURAL HISTORY
After medical review panel proceedings, plaintiffs filed the instant suit against Dr. Samudia, Galen-Med, Inc. d/b/a Lake Area Medical Center ("LAMC") and others, alleging that defendants committed malpractice in connection with treatment of their decedent, William Arrington. Subsequently, the trial court approved a settlement in the amount of $100,000 between plaintiffs and Dr. Samudia. The court also approved a settlement of plaintiffs' claim against the Patients' Compensation Fund ("PCF") in the amount of $500,000.[1] Plaintiffs reserved their rights to proceed against LAMC.
Thereafter, plaintiffs filed a motion for summary judgment, seeking to have the trial court declare the limitation of liability provided in La. R.S. 40:1299.42(B)[2] unconstitutional. In support, plaintiffs argued that the statute violated the separation of powers doctrine pursuant to La. Const. Art. II, §§ 1 and 2; due process pursuant to La. Const. Art. I, § 2; the state constitutional prohibition against special laws pursuant to La. Const. Art. III, § 12; and judicial power pursuant to La. Const. Art. V, § 16. Plaintiffs did not argue the statute violated La. Const. Art. I, § 22, relating to access to courts.
Defendants, LAMC the PCF and the State of Louisiana, filed motions for summary judgment. Among other things, they argued that La. R.S. 40:1299.42(B)'s limitation on recovery was constitutional.
The district court denied plaintiffs' motion for summary judgment on the issue of constitutionality, but granted defendants' motion for summary judgment, thereby *726 finding La. R.S. 40:1299.42(B) to be constitutional.
Plaintiffs appealed this ruling. A five-judge panel of the court of appeal, over two dissents, reversed the district court's judgment. The majority granted summary judgment in favor of plaintiffs, finding "the $500,000 cap on medical malpractice damages unconstitutional as failing to provide the plaintiffs an `adequate remedy' as guaranteed under the provisions of La. Const. Art. I, § 22."
From that judgment, LAMC, the PCF and the State of Louisiana applied to this court, seeking to reverse the court of appeal's holding. Plaintiffs also applied, requesting that this court consider additional grounds for declaring La. R.S. 40:1299.42(B) unconstitutional.

DISCUSSION
It is well-established that litigants must raise constitutional challenges in the trial court rather than in the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized. Mallard Bay Drilling v. Kennedy, 04-1089 (La.6/29/05), 914 So.2d 533; Unwired Telecom Corp. v. Parish of Calcasieu, 03-0732, p. 6 (La.1/19/05), 903 So.2d 392 (on rehearing). We have emphasized that the grounds for unconstitutionality must be "made an issue in the court of first instance." State ex rel. McAvoy v. Louisiana State Bd. of Medical Examiners, 238 La. 502, 115 So.2d 833, 836 (1959). In Vallo v. Gayle Oil Company, Inc., 94-1238, p. 9 (La.11/30/94), 646 So.2d 859, 865, we explained that the purpose of this requirement was to allow the parties to brief and argue the issue at a contradictory hearing in order to make a full record for this court's review:
The requirement of specially pleading the unconstitutionality of a statute in pleadings implies that this notable issue will receive a contradictory hearing, wherein all parties will be afforded the opportunity to brief and argue the issue. Cf. LSA-C.C.P. arts. 929, 963, 966, 1038, 1871. The record of the proceeding could then be reviewed to determine whether the party attacking the statute sustained his or her burden of proof, and whether the trial court attempted to construe the statute so as to preserve its constitutionality. See Moore v. Roemer, 567 So.2d 75, 78 (La.1990); Board of Directors of the Louisiana Recovery Dist. v. All Taxpayers, Property Owners and Citizens of the State of Louisiana, 529 So.2d 384, 387-388 (La.1988).
In the instant case, plaintiffs did not plead La. Const. Art. I, § 22 as a ground for finding La. R.S. 40:1299.42(B) to be unconstitutional. The question of whether La. R.S. 40:1299.42(B) violated La. Const. Art. I, § 22 was never briefed and argued before the district court, nor was that issue passed upon by the district court in its ruling denying plaintiffs' motion for summary judgment.[3]
Under these circumstances, we must conclude that any purported violation of La. Const. Art. I, § 22 was not specially pleaded, nor was it made an issue in the district court. In the absence of properly pleading and initial consideration of this ground by the district court, the court of *727 appeal erred in declaring La. R.S. 40:1299.42(B) to be unconstitutional in violation of La. Const. Art. I, § 22.
Accordingly, we must vacate the judgment of the court of appeal declaring La. R.S. 40:1299.42(B) to be unconstitutional in violation of La. Const. Art. I, § 22. Because the court of appeal pretermitted the remaining issues in the appeal, we will remand the matter to the court of appeal for consideration of these matters.[4]

DECREE
For the reasons assigned, the writs are granted. The judgment of the court of appeal declaring La. R.S. 40:1299.42(B) to be unconstitutional in violation of La. Const. Art. I, § 22 is vacated and set aside. The case is remanded to the court of appeal to consider the remaining issues in the appeal.
CALOGERO, C.J., would grant and docket.
NOTES
[1] This amount represented $390,000 in principal, $90,000 in interest plus $20,000 in expenses.
[2] La. R.S. 40:1299.42(B)(1) and (2) provide:

B. (1) The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost.
(2) A health care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon accruing after April 1, 1991, for all malpractice claims because of injuries to or death of any one patient.
[3] In apparent recognition of this problem, the court of appeal's opinion indicates that "[a] review of the record shows that plaintiffs in the matter before us carried their burden proving that the cap contained in the Louisiana Medical Malpractice Act violates La. Const. Art. I, § 22. . . ." However, we fail to see how plaintiffs could carry their burden of proving violation of a constitutional provision which they never alleged nor argued before the trial court.
[4] Plaintiffs ask us to exercise our discretionary jurisdiction to consider whether the statute violates any other constitutional provisions. We decline to do so.