956 So.2d 573 (2007)
M.J. FARMS, LTD.
v.
EXXON MOBIL CORPORATION, et al.
No. 07-CA-0450.
Supreme Court of Louisiana.
April 27, 2007.
PER CURIAM.
Appellants, the State of Louisiana through the Attorney General and Exxon Mobil Corporation, invoke the appellate jurisdiction of this court pursuant to La. Const. art. V, § 5(D), on the ground that the district court declared 2006 La. Act 312 to be unconstitutional.
Pretermitting the merits, we find the issue of constitutionality was not properly raised in this case. In Vallo v. Gayle Oil Company, Inc., 94-1238 (La.11/20/94), 646 So.2d 859, this court explained that the unconstitutionality of a statute must be specially pleaded in the district court:
Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original *574 petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. [emphasis added; citations and footnotes omitted].
A review of the record indicates the issue of constitutionality was first raised in plaintiff's "Memorandum in Opposition to Motions to Enforce Stay Provision of Act 312 or Alternatively to Extend Time in Which to File Responsive Pleadings filed by Wagner Oil Company and Parawon Corporation." As explained in Vallo, a memorandum is not a pleading recognized under the Code of Civil Procedure and is therefore not a proper method to challenge the constitutionality of a statute.
Accordingly, we vacate the judgment of the district court. The case is remanded to the district court to allow plaintiffs to specially plead the unconstitutionality of Act 312 and for the issue to be fully litigated. See La.Code Civ. P. art. 2164; Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971).