# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 04-1235

SUSAN ARRINGTON, ET AL.

VERSUS

GALEN-MED, INC., ET AL.

**************
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 97-4329
HONORABLE J. DAVID PAINTER, DISTRICT JUDGE
**************
ON REMAND FROM THE
LOUISIANA SUPREME COURT, DOCKET NO. 2006-2968
**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Elizabeth A. Pickett, Billy H. Ezell, and James T. Genovese.

Pickett, J., dissents and assigns written reasons.
Ezell, J., dissents and assigns written reasons.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

**Oliver Jackson Schrumpt**
**Schrumpt & Schrumpt**
**3801 Maplewood Dr.**
**Sulphur, LA 70663**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
   Susan, Noelle and Laura Arrington

**Michael Keith Prudhomme**
**Thomas P. Leblanc**
**501 Broad Street**
**Lake Charles, LA 70602**
**COUNSEL FOR SECONDARY DEFENDANT/APPELLANT:**
   Louisiana Patient's Compensation Fund Oversight Board

**Charles C. Foti, Jr.**
**Attorney General**
**J. Elliott Baker**
**Special Assistant Attorney General**
**506 E. Rutland Street**
**Covington, LA 70433**
**COUNSEL FOR DEFENDANT/APPELLEE/CROSS-APPELLANT:**
**State of Louisiana**
**Benjamin W. Mount**
**Bergstedt & Mount**
**1011 Lakeshore Drive, Suite 200**
**Lake Charles, LA 70160**
**COUNSEL FOR DEFENDANTS/APPELLEES/CROSS-APPELLANT:**
**Galen-Med, Inc., formerly d/b/a Lake Area Medical Center**

**COOKS, Judge**.

## PROCEDURAL HISTORY

In *Arrington v. ER Physicians Group, APMC,* 04-1235 (La.App. 3 Cir. 9/27/06), 940 So.2d 777, this court held the $500,000 statutory limit on recovery of damages in medical malpractice actions found in La.R.S. 40:1299.42(B) was unconstitutional in failing to provide the Plaintiffs an "adequate remedy" as guaranteed under Article 1, § 22 of the Louisiana Constitution. This judgment was vacated by the Louisiana Supreme Court on procedural grounds. *Arrington v. Galen-Med, Inc., et al.*, 06-2944 (La. 2/2/07), 947 So.2d 724. Although the Plaintiffs raised the unconstitutionality of La.R.S. 40:1299.42(B) on several grounds, the supreme court held:

> In the instant case, plaintiffs did not plead La.Const. Art. I, § 22 as a ground for finding La.R.S. 40:1299.42(B) to be unconstitutional. The question of whether La.R.S. 40:1299.42(B) violated La.Const. Art. I, § 22 was never briefed and argued before the district court, nor was that issue passed upon by the district court in its ruling denying plaintiffs' motion for summary judgment.
>
> . . . .
>
> In the absence of properly pleading and initial consideration of this ground by the district court, the court of appeal erred in declaring La.R.S. 40:1299.42(B) to be unconstitutional in violation of La.Const. Art. I, § 22.
>
> Accordingly, we must vacate the judgment of the court of appeal declaring La.R.S. 40:1299.42(B) to be unconstitutional in violation of La.Const. Art. I, § 22. Because the court of appeal pretermitted the remaining issues in the appeal, we will remand the matter to the court of appeal for consideration of these matters.

*Id.* at 729 (footnotes omitted).

## REMAINING ISSUES ON APPEAL

We have considered the remaining matters, including the equal protection issue, as directed by the supreme court. However, the State complains Plaintiffs also

did not specifically raise the equal protection issue in their motion for summary judgment and therefore this issue is not properly before the court. The supreme court, holding the unconstitutionality of a statute must be specially pleaded in the district court, stated in *Vallo v. Gayle Oil Company, Inc.*, 94-1238 (La. 11/20/94), 646 So. 2d 859:

> Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.

> The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an *amended and supplemental petition* or a petition in an incidental demand), an exception, *a motion* or *an answer*. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings.

*Id*. at 864-65(footnotes and citations omitted)(emphasis added).

As noted by the supreme court, "our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute." *Id.* at 864. The requirement that the unconstitutionality of a statute must be specially pled and the grounds for the claim particularized is a jurisprudential one designed to prompt a "contradictory hearing, wherein all parties will be afforded the opportunity to brief and argue the issue." *Arrington*, 947 So.2d at 726 *(quoting Vallo, 646 So.2d at 865)*. The ultimate purpose of this rule, as explained by the supreme court, is that "[t]he record of the proceeding could then be reviewed to determine whether the party attacking the statute sustained his or her burden of proof, and whether the trial court attempted to construe the statute so as to preserve its constitutionality." *Id.*

In our original opinion, Judge Cooks, dissenting, noted Plaintiffs "alleged in

2

their Fifth Amending and Supplemental Petition, under the Louisiana Constitution of 1974, the [Medical Malpractice Act's (MMA)] cap violates the '*right to equal protection*, and other rights therein guaranteed.'" *Arrington,* 940 So.2d at 787 (emphasis added). Plaintiffs further stated in their motion for summary judgment filed on June 19, 2003, that "separation of powers and federal and state *substantive due process* grounds and *prohibited special law* grounds prohibit the 1975 legislature from directing the result of judicial decisions in this case."(emphasis added). Responding to these pleadings, the State, in its answer and second motion for summary judgment, asserted "La.R.S. 40:1299.42(B)(1) and (2) do not violate state constitutional guarantees of equal protection." The trial court's ruling, as well, reflects that this issue was reviewed on the merits.

Although we are satisfied the equal protection issue and the remaining issues were sufficiently pled below and are ripe for review, we elect to remand this case to the trial court to allow plaintiffs an opportunity to *particularize all* grounds for their claim that La.R.S. 40:1299.42(B) is unconstitutional in a *proper* amending and supplemental pleading and to afford the State, the Patient Compensation Fund Oversight Board, and all parties in interest an opportunity to fully address and litigate the grounds so alleged. *See* La.Code Civ.P. art. 2164; *M.J. Farms, LTD v. Exxon Mobil Corp., et al*, 07-0450 (La. 04/27/07), ___ So.2d ___; *Summerell v. Phillips*, 258 La. 587, 247 So. 542 (1971).

Further, the State, in framing its position, below relied heavily on prior jurisprudence upholding the constitutionality of the MMA's cap and, therefore, it did not present any evidence in the record or make any showing that the cap continues to serve a legitimate public purpose and that a reasonable basis still exists for maintaining the discriminatory classification affecting Plaintiffs' right to full recovery

3

in medical malpractice cases. We will not penalize the State for the failure, however, as noted in footnote 5 of Judge Cooks' dissent in our original opinion, this evidence is readily available and important to a full examination of the issue. Accordingly, we elect on remand, consistent with the supreme court's decision in *Sibley II*, to instruct the district court to re-examine all of the issues raised and to determine whether the statute is constitutional after permitting the parties to amend the pleadings, to conduct full discovery, to file additional motions and briefs, to introduce additional evidence, and to fully argue the issues advanced in all the pleadings pursuant to a contradictory hearing.

## DECREE

We vacate the judgment of the district court. The case is remanded to the district court to allow the Plaintiffs to specially plead the unconstitutionality of La.R.S. 40:1299.42(B) and for full litigation of the issues at a contradictory hearing in a manner consistent with this opinion.

**VACATED AND REMANDED WITH INSTRUCTIONS**.

SUSAN ARRINGTON, ET AL.

VERSUS

GALEN-MED, INC., ET AL.

**PICKETT, J., dissenting.**

I respectfully dissent from the opinion of the majority vacating the decision of the trial court and remanding for a new hearing.

The majority admits that the issue of the constitutionality of the $500,000.00 cap on general damages in medical malpractice claims brought under the Louisiana Medical Malpractice Act, codified at La.R.S. 40:1299.42(B)(1) and (2), was specifically pled in a pleading by the plaintiffs below. The trial court held a contradictory hearing, allowing all parties to submit evidence. The trial court then ruled that the cap on general damages was not unconstitutional.

Nevertheless, the majority today proposes to remand the case for a new hearing, citing La.Code Civ.P. art. 2164, *M.J. Farm, LTD v. Exxon Mobil Corp.*, 07-450 (La. 4/27/07), ___ So.2d ___, and *Summerell v. Phillips*, 258 La. 587, 247 So.2d 542 (1971). Louisiana Code of Civil Procedure article 2164 states, in relevant part, "The appellate court shall render any judgment which is just, legal and proper upon the record on appeal." This is a truism which does not lend authority to our inaction in the present case.

1

In *M.J. Farms*, the plaintiff raised the constitutionality of a statute in a memorandum. The trial court held the statute unconstitutional. The supreme court, in a per curiam opinion, held that a memorandum is not a pleading and vacated the judgment of the trial court. The case was remanded to the trial court for the plaintiff to properly plead the unconstitutionality of the statute. In the case before us, the unconstitutionality of the cap on general damages was raised in a pleading in the trial court, as required by the supreme court's decision in *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/20/94), 646 So.2d 859. Thus, a remand is not appropriate under the language in *M.J. Farms*.

In *Summerell*, the plaintiff sought a writ of mandamus ordering the building inspector to issue a permit for a trailer park, arguing that a moratorium resolution passed by the parish council was unconstitutional. The trial court found the resolution unconstitutional and ordered the issuance of a permit. The next day, the parish council adopted an ordinance limiting trailer parks to special zoning districts. The trial court granted a motion for a new trial. The trial court denied the writ of mandamus and dismissed the plaintiff's suit after the new trial, finding that the validity of the zoning ordinance was not properly pled in the trial court. On review, the appellate court held the zoning ordinance unconstitutional. The supreme court found the appellate court did not have a proper record before it to reach the issue of constitutionality of the ordinance, and remanded to the trial court for proper pleading and a hearing. In the case before us, the unconstitutionality of the general damages cap was raised in proper pleadings in the trial court, a full hearing was held by the trial court, and the trial court ruled that the cap was constitutional, "even though there is no adequate remedy, equal protection, or separation of powers, in view of the

2

erosion of 'the dollar[.]'" A full record was developed in the trial court. The holding in *Summerell* is not applicable to the case before us.

The supreme court has held that while appellate courts have the power to remand a case to the trial court for additional proceedings, that authority should be "sparingly exercised." *Bayou Rapides Lumber Co. v. Campbell*, 41 So.2d 781, 782 (La.1949). "When the entire record is before the appellate court, remand for a new trial produces delay of the final outcome and congestion of crowded dockets while adding little to the judicial determination process." *Gonzales v. Xerox Corp.*, 320 So.2d 163, 166 (La.1975). This is not a case in which a view of fact witnesses is essential for determination of the issues before us. This is not a case in which issues have been raised in the appellate court which require new evidence in order for this court to properly rule.

All parties have already had "an opportunity to address and fully litigate" the issues which are currently before this court. The state's failure to produce evidence in the original hearing of this matter, despite being given a full opportunity, is not just cause for a remand, no matter how important the majority believes this information to be. Thus, I would reach the merits of the plaintiff's constitutional claims, as they are properly before us. As a majority of this panel has concluded that we should not reach the merits, I will not address the issues properly before us on remand from the supreme court, as such an opinion would at best be advisory.

NUMBER 04-1235

THIRD CIRCUIT COURT OF APPEAL

STATE OF LOUISIANA

SUSAN ARRINGTON, ET AL.

VERSUS

ER PHYSICIANS GROUP, APCM, ET AL.

**EZELL, J. Dissents.**

The Plaintiffs in this case have carried their burden by presenting evidence to show that there is no rational basis for the Medical Malpractice Act and that the Act does not continue to substantially further an important governmental interest. The courts of this state must remember that we are a Civil Law State and I urge all judges of this state to review the words of the late Justice Albert Tate, Jr.

Our basically civilian tradition has been partly overlaid and replaced by Anglo-American common law. . . .

> Today, despite the renewed importance of the civilian sources of our substantive law, there is little support in the Louisiana bench and bar for civilian theory that the role of the judges is to decide cases only, leaving doctrinal development to the scholarly writers. . . .
>
> The Louisiana judge, like his common-law brother, is a law-announcer as well as a case-decider. . . .
>
> As with the common-law judge, he views himself not merely as a technician but also as a scholar, law-maker and exponent of doctrine. However, as with a modern day civilian judge, he is essentially more free than his common law counterpart from the mechanical effects of "binding" precedent; he has the freedom to return, independent of intervening judicial precedents, to the initial legislative concepts and use creative analogies and constructs based upon them; or, in the absence of legislation expressly intended to apply, he is free to devise socially just and sound rules to regulate the unprovided-for case.
>
> Justice Tate noted that even in other states, a judge is less bound by precedent when deciding an issue of constitutional, rather than jurisdictional or statutory law.

C.A. Marvin, *Dissents in Louisiana: Civility Among Civilians*, 58 La.L.Rev. 975, 977 (1998) (footnote omitted) (alteration in original).