# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 04-1069

**CHARLES RAY TAYLOR, JR. AND SHARON TAYLOR**

**VERSUS**

**RICHARD J. CLEMENT, M.D., LPCF**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 99-191
HONORABLE J. DAVID PAINTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***
ON REMAND FROM THE
LOUISIANA SUPREME COURT, DOCKET NO. 2006-2600
**\*\*\*\*\*\*\*\*\*\*\*\*\***
**SYLVIA R. COOKS**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Elizabeth A. Pickett, Billy H. Ezell, and James T. Genovese, Judges.

Pickett, J., dissents and assigns written reasons.
Ezell, J., dissents and assigns written reasons.

### VACATED AND REMANDED WITH INSTRUCTIONS.

**Oliver Jackson Schrumpt**
**Schrumpt & Schrumpt**
**3801 Maplewood Dr.**
**Sulphur, LA 70663**
**(337) 625-9077**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Charles Ray Taylor, Jr. and Sharon Taylor**

**Milo Addison Nickel, Jr.**
**Nadia Marie de la Houssaye**
**P.O. Box 3408**
**Lafayette, Louisiana 70502-3408**
**COUNSEL FOR INTERVENOR/APPELLEE:**
**Louisiana Patient's Compensation Fund Oversight Board**

**Steven William Hale**
**1735 Ryan Street**
**Lake Charles, Louisiana 70601**
**(337) 433-0612**
**COUNSEL FOR DEFENDANT:**
  **Richard J. Clement, M.D.**

**COOKS, Judge.**

For the reasons set forth in *Arrington v. Galen-Med, et al*, 04-1235 (La.App. 3 Cir. _/_/_) _So.2d _, the judgment of the trial court is vacated and the case is remanded to the trial court with instructions.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

CHARLES RAY TAYLOR, ET AL.

VERSUS

RICHARD J. CLEMENT, M.D., ET AL.


**PICKETT, J., dissenting.**

I respectfully dissent from the opinion of the majority vacating the decision of the trial court and remanding for a new hearing.

The majority admits that the issue of the constitutionality of the $500,000.00 cap on general damages in medical malpractice claims brought under the Louisiana Medical Malpractice Act, codified at La.R.S. 40:1299.42(B)(1) and (2), was specifically pled in a pleading by the plaintiffs below. The trial court held a contradictory hearing, allowing all parties to submit evidence. The trial court then ruled that the cap on general damages was not unconstitutional.

Nevertheless, the majority today proposes to remand the case for a new hearing, citing La.Code Civ.P. art. 2164, *M.J. Farm, LTD v. Exxon Mobil Corp.*, 07-450 (La. 4/27/07), ___ So.2d ___, and *Summerell v. Phillips*, 258 La. 587, 247 So.2d 542 (1971). Louisiana Code of Civil Procedure article 2164 states, in relevant part, "The appellate court shall render any judgment which is just, legal and proper upon the record on appeal." This is a truism which does not lend authority to our inaction in the present case.

1

In *M.J. Farms*, the plaintiff raised the constitutionality of a statute in a memorandum. The trial court held the statute unconstitutional. The supreme court, in a per curiam opinion, held that a memorandum is not a pleading and vacated the judgment of the trial court. The case was remanded to the trial court for the plaintiff to properly plead the unconstitutionality of the statute. In the case before us, the unconstitutionality of the cap on general damages was raised in a pleading in the trial court, as required by the supreme court's decision in *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/20/94), 646 So.2d 859. Thus, a remand is not appropriate under the language in *M.J. Farms*.

In *Summerell*, the plaintiff sought a writ of mandamus ordering the building inspector to issue a permit for a trailer park, arguing that a moratorium resolution passed by the parish council was unconstitutional. The trial court found the resolution unconstitutional and ordered the issuance of a permit. The next day, the parish council adopted an ordinance limiting trailer parks to special zoning districts. The trial court granted a motion for a new trial. The trial court denied the writ of mandamus and dismissed the plaintiff's suit after the new trial, finding that the validity of the zoning ordinance was not properly pled in the trial court. On review, the appellate court held the zoning ordinance unconstitutional. The supreme court found the appellate court did not have a proper record before it to reach the issue of constitutionality of the ordinance, and remanded to the trial court for proper pleading and a hearing. In the case before us, the unconstitutionality of the general damages cap was raised in proper pleadings in the trial court, a full hearing was held by the trial court, and the trial court ruled that the cap was constitutional, "even though there is no adequate remedy, equal protection, or separation of powers, in view of the

2

erosion of 'the dollar[.]'" A full record was developed in the trial court. The holding in *Summerell* is not applicable to the case before us.

The supreme court has held that while appellate courts have the power to remand a case to the trial court for additional proceedings, that authority should be "sparingly exercised." *Bayou Rapides Lumber Co. v. Campbell*, 41 So.2d 781, 782 (La.1949). "When the entire record is before the appellate court, remand for a new trial produces delay of the final outcome and congestion of crowded dockets while adding little to the judicial determination process." *Gonzales v. Xerox Corp.*, 320 So.2d 163, 166 (La.1975). This is not a case in which a view of fact witnesses is essential for determination of the issues before us. This is not a case in which issues have been raised in the appellate court which require new evidence in order for this court to properly rule.

All parties have already had "an opportunity to address and fully litigate" the issues which are currently before this court. The state's failure to produce evidence in the original hearing of this matter, despite being given a full opportunity, is not just cause for a remand, no matter how important the majority believes this information to be. Thus, I would reach the merits of the plaintiff's constitutional claims, as they are properly before us. As a majority of this panel has concluded that we should not reach the merits, I will not address the issues properly before us on remand from the supreme court, as such an opinion would at best be advisory.

3

CHARLES RAY TAYLOR, JR. ET AL.

VERSUS

RICHARD J. CLEMENT, M.D., LPCF

**EZELL, J. Dissents.**

The Plaintiffs in this case have carried their burden by presenting evidence to show that there is no rational basis for the Medical Malpractice Act and that the Act does not continue to substantially further an important governmental interest. The courts of this state must remember that we are a Civil Law State and I urge all judges of this state to review the words of the late Justice Albert Tate, Jr.

Our basically civilian tradition has been partly overlaid and replaced by Anglo-American common law. . . .

> Today, despite the renewed importance of the civilian sources of our substantive law, there is little support in the Louisiana bench and bar for civilian theory that the role of the judges is to decide cases only, leaving doctrinal development to the scholarly writers. . . .

> The Louisiana judge, like his common-law brother, is a law-announcer as well as a case-decider. . . .

> As with the common-law judge, he views himself not merely as a technician but also as a scholar, law-maker and exponent of doctrine. However, as with a modern day civilian judge, he is essentially more free than his common law counterpart from the mechanical effects of "binding" precedent; he has the freedom to return, independent of intervening judicial precedents, to the initial legislative concepts and use creative analogies and constructs based upon them; or, in the absence of legislation expressly intended to apply, he is free to devise socially just and sound rules to regulate the unprovided-for case.

> Justice Tate noted that even in other states, a judge is less bound by precedent when deciding an issue of constitutional, rather than jurisdictional or statutory law.

C.A. Marvin, *Dissents in Louisiana: Civility Among Civilians*, 58 La.L.Rev. 975, 977 (1998) (footnote omitted) (alteration in original).