MARC E. JOHNSON, Judge.
|zThis appeal arises from the maintaining of a Peremptory Exception of Prescription in favor of Appellees, Lenair M. Bailey and Michelle P. Bailey, and against Appellants, D’Juan Marshall, Rhonda Marshall, Treniece Marshall, Elliot Marshall, and Ryan Marshall, which dismissed a Petition to Establish Paternity filed in the 24th Judicial District Court, Division “O”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Elliot L. Bailey (hereinafter referred to as “Decedent”) was only married one time *324 to Mildred Bailey. From this union, two legitimate children were born, Lenair M. Bailey and Michelle P. Bailey. During Decedent’s marriage to Mildred and subsequent to his divorce from her on August 17, 1976, five children were born who also claim Decedent as their biological father: Rhonda (born on August 5, 1970); Tren-iece (born on July 2, 1972); Elliot (born on June 7, 1973); Ryan (born on October 20, 1978); and D’Juan (born on May 22,1980). Decedent died on April 7, 2009.
On April 16, 2009, Appellees filed an Expedited Petition for Eviction, ^Possession of Premises, Return of Property, Temporary Restraining Order and Payment of Attorney’s Fees against Appellants. Thereafter, Appellants filed a Petition for Possession with Appointment of Administration on July 24, 2009. Within one year of Decedent’s death, Appellants filed a Petition to Establish Paternity on April 1, 2010. In response, Appellees filed a Peremptory Exception of Prescription on September 29, 2010, arguing the time period to establish filiation had prescribed. On November 3, 2010, Appellants filed their memorandum in opposition to the exception, in which they argued their petition was timely pursuant to LSA-C.C. art. 197 and, in the alternative, equitable estop-pel.
After a hearing on the merits, the trial court signed a judgment maintaining Ap-pellees’ peremptory exception and dismissing Appellants’ petition. Subsequently, Appellants filed a Motion for New Trial and/or Reconsideration, which argued there is a gap in the laws regarding filiation. After a hearing on the merits of the motion, the trial court denied the motion on December 7, 2010. The instant appeal follows.
ASSIGNMENTS OF ERROR
Appellants raise the following assignments of error for review: 1) whether LSA-C.C. art. 4 required the trial court to apply principles of equity to fill in the gap in the law between the 2005 repeal of former LSA-C.C. art. 209 and the enactment of LSA-C.C. art. 197 regarding filiation claims by individuals who are over the age of nineteen; 2) whether the trial court committed manifest error in failing to rule that the doctrine of equitable estoppel prevented prescription where there is uncon-troverted evidence that the Decedent claimed and raised Appellants as his children their entire lives; 3) whether the trial court committed reversible error when it failed to grant a new trial in this case where the trial court refused to apply principles of equity, even though LSA-C.C. art. 4 expressly required it to do |4so; and 4) whether the trial court erred in failing to rule that repealed LSA-C.C. art. 209 is unconstitutional because the difficulties in proving paternity that lead the Louisiana Supreme Court to uphold the constitutionality of that article in 1985 no longer exist, in light of DNA technology.
LAW AND ANALYSIS

Denial of the Motion for New Trial

Appellants aver the trial court abused its discretion when their Motion for New Trial was denied. Consequently, Appellants assert the trial court rendered a judgment that was contrary to the law and facts of the case.
Denial of a motion for new trial is an interlocutory and non-appealable judgment. Smith v. Smith, 08-575, p. 11 (La. App. 5 Cir. 1/12/10); 31 So.3d 453; Roger v. Roger, 99-765, p. 3 (La.App. 5 Cir. 1/12/00); 751 So.2d 354, 356. However, the Louisiana Supreme Court has instructed the courts of appeal to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the *325 merits, when it is clear from appellant’s brief that he intended to appeal the merits of the case. Id.; See, e.g., Punctual Abstract Co. Inc. v. U.S. Land Title, 09-91, p. 5 (La.App. 5 Cir. 11/10/09); 28 So.3d 459. It is obvious from Appellants’ brief that they intended to appeal the merits of judgment rendered on November 9, 2010. We will consider the merits of the appeal from that judgment.

Use of LSA-C.C. art. I

Appellants allege the trial court committed reversible error when it filled in the gap in legislation with judicial decisions instead of using principles of equity, as required by LSA-C.C. art. 4. Appellants contend there is a gap in legislation for filiation claims because the repeal of LSA-C.C. art. 209 removed the age restriction for individuals over the age of nineteen; yet, the enactment of LSA-C.C. |sart. 197 does not provide for retroactive application. Appellants further contend that repealed Article 209 and judicial decisions are not “legislation” or custom as referred to in Article 4. As a result, Appellants assert there is no existing legislation which applies to claims brought by individuals who had already reached the age of nineteen in 2005 when Article 209 was repealed and Article 197 was enacted.
According to LSA-C.C. art. 2, legislation is a solemn expression of legislative will. Custom results from practice repeated for a long time and generally accepted as having acquired the force of law, and it cannot abrogate legislation. LSA-C.C. art. 3. When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. LSA-C.C. art. 4. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9.
Prior to its repeal in 2005, LSA-C.C. art. 209(C) provided that a child initiating a filiation claim had to file the claim within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever occurs first. After Article 209 was repealed in 2005, LSA-C.C. art. 197 was enacted and removed the age restriction. Currently, Article 197 only imposes a preemptive period of one year from the day of the death of the alleged father for succession purposes only.
In the case at bar, each of the Appellants involved had attained the age of nineteen prior to the repeal of LSA-C.C. art. 209 in 2005. Article 209 was the clear and unambiguous law in effect at the time each appellant had reached the age of nineteen. Like the First and Third Circuit Courts of this state, we agree that the Reflect of Article 209 at the time the alleged heir reached nineteen years of age extinguished the filiation claim and could not be revived by the enactment of Article 197. See, In re Succession of Donald Clay Smith, 09-969 (La.App. 3 Cir. 2/3/10); 29 So.3d 723, 725, rehearing denied, 09-969 (La.App. 3 Cir. 2/3/10); In re Succession of James, 07-2509 (La.App. 1 Cir. 8/21/08); 994 So.2d 120, 126, writ denied, 08-2302 (La.12/12/08); 996 So.2d 1119. Consequently, we find there is no gap in legislation between the repeal of Article 209 and the enactment of Article 197 for the individuals over the age of nineteen because they were preempted from proving filiation, and there is no need to apply the principles of equity because there is positive law on the issue.
Therefore, we find no merit to Appellants’ argument.

Equitable Estoppel

Appellants allege the trial court committed manifest error in failing to rule *326 that Appellants’ uncontroverted evidence supported their argument for equitable es-toppel. Appellants contend they proved all of the elements of equitable estoppel by clear and convincing evidence that: 1) Decedent, Mr. Bailey, made a representation through conduct by claiming Appellants as his children on documentation under the penalty of perjury and providing home, food and care for them; 2) Appellants justifiably relied on the representation that Decedent was their father; and 3) there was a change in Appellants’ position to their detriment (inability to inherit) because of their reliance that Decedent was their father.
Equitable estoppel is defined as “the effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.” Morris v. Westside Transit Line, 02-1029 (La.App. 5 Cir. 2/25/03); 841 So.2d 920, 926, citing Wilridge v. Capitol Mfg. Co., 97-574 (La.App. 3 Cir. 12/17/97); 704 So.2d 966. Equitable estop-pel is a doctrine of last resort; it is not favored by Louisiana courts and will be applied only when justice so demands. Gunderson v. F.A. Richard & Associates, 09-1498 (La.App. 3 Cir. 6/30/10); 44 So.3d 779, 789. Equitable considerations and es-toppel cannot prevail in conflict with the positive law. Id., citing LSA-C.C. art. 4; Palermo Land Co. v. Planning Comm’n, 561 So.2d 482 (La.1990).
As mentioned earlier in this opinion, repealed LSA-C.C. art. 209 was the clear and unambiguous positive law in effect at the time Appellants reached the age of nineteen. As such, equitable estoppel cannot prevail against Article 209, which mandated Appellants to establish filiation within one year of the death of their alleged father or within nineteen years of their births, whichever occurred first. Accordingly, the application of equitable estoppel in this matter is not justified.
Therefore, we find Appellants’ argument lacks merit.

Constitutionality of LSA-C.C. art. 209

Appellants allege the trial court erred when it refused to rule that repealed Civil Code Article 209 is unconstitutional. Appellants contend the compelling state interest found to support Article 209’s age restriction in Succession of Grice, 462 So.2d 131 (La.1985), appeal dismissed, 473 U.S. 901, 105 S.Ct. 3517, 87 L.Ed.2d 646 (1985) is no longer justified because of the more recent developments of DNA testing.
In M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-450 (La.4/27/07); 956 So.2d 573, 574 the Louisiana Supreme Court reiterated its finding in Vallo v. Gayle Oil Company, Inc., 94-1238 (La.11/30/94); 646 So.2d 859 by stating the following regarding the pleading of the unconstitutionality of a statute:
Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing | ¿jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, and amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It *327 cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. (Emphasis in original). (Citations omitted).
In the instant matter, a review of the record indicates the issue of constitutionality was first raised in appellants’ Memorandum in Opposition to Exception of Prescription. A memorandum is not a pleading recognized under the Code of Civil Procedure, and is, therefore, not a proper method to challenge the constitutionality of a statute. M.J. Farms, 07-450; 956 So.2d at 574. Since the unconstitutionality of repealed LSA-C.C. art. 209 was not properly raised in the lower court, it is not properly before us for review. Alternatively, even if the unconstitutionality of repealed LSA-C.C. art. 209 had been properly raised at the trial court level, Succession of Grice, supra, is still the controlling law for this state which upheld the constitutionality LSA-C.C. art. 209. Additionally, the Louisiana legislature did not declare Article 209 unconstitutional when it was repealed.
Therefore, we find Appellants’ argument lacks merit.
DECREE
For the foregoing reasons, we affirm the trial court’s maintaining of Appellees’, Le-nair M. Bailey and Michelle P. Bailey, Peremptory Exception of Prescription and the dismissal of Appellants’, D’Juan Marshall, Rhonda Marshall, Treniece Marshall, Elliot Marshall, and Ryan Marshall, Petition to Establish Paternity. Appellants are to bear the costs of this appeal.

AFFIRMED